UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati McKenzie, Civil File No. 00-2350 (PAM/JMM)

Petitioner,

v. **ORDER**

James H. Bruton, Warden,

Respondent.

---

This matter is before the Court upon Petitioner Mwati McKenzie's objections to United States Magistrate Judge John M. Mason's Report and Recommendation dated December 5, 2000. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Although Petitioner raises several issues in his objections, including a dispute on the correct date when the Minnesota Supreme Court rejected one of his post-conviction appeals and upheld his convictions, the record is clear that the statute of limitations has long since run and Petitioner's federal habeas corpus petition is untimely. Based on that review, the Court ADOPTS the Report and Recommendation (Clerk Doc. No. 10).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application for a Writ of Habeas Corpus (Clerk Doc. No. 1) is **DENIED**;

2. Petitioner's "Motion To Proceed Without Prepayment Of Fees And Affidavit" (Clerk Doc. No. 2) is **DENIED**;

FILED MAR 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 01 2001
DEPUTY CLERK

3. Petitioner's "Motion For Appointment Of Counsel" (Clerk Doc. No. 3) is **DENIED**;

4. Petitioner's "Motion To Place Petition In Abeyance" (Clerk Doc. No. 4) is **DENIED**;

5. Petitioner's "Motion To Bring Forth Issues That Were Dismissed And Not Ruled On By MN State Supreme Court Due to Procedural Default" (Clerk. Doc. No. 5) is **DENIED**; and

6. This action is **DISMISSED WITH PREJUDICE**.

Dated: Feb. 28, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 0 1 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995