RECEIVED
BY MAIL
JUL 2 9 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati P. Mckenzie
Petitioner.

00cv2350
PAM/JMM

v.

Dan Ferrise, Warden, et al,.
Respondent.

PETITIONERS MOTION FOR RELIEF FROM JUDGEMENT.

Jurisdiction.

This court has jurisdiction pursuant to 28 U.S.C. § 60 (B) (2) (6).

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

RECEIVED
BY MAIL
JUL 29 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT FO MINNESOTA

---

Civil File No. 00-2350

Mwati P. Mckenzie,
Petitioner.

v.

Dan Ferisse, Warden, et al,.
Respondent.

---

MOTION FOR RELIEF FROM JUDGEMENT
PURSUANT TO Fed. R. Civ. Proc. 60 (B) (2) & (6).

---

Comes now the above named petitioner and hereby submites this motion and moves this court pursuant to Fed. R. Civ. Proc. § 60 (B) an order authorizing the district court to vacate and/or set aside the original judgement of dismissal in this instant action, and an order quthorizing a new habeas corpus application under § 2254 A (1) (2) (ii) B.

A. Procedural History.

On October 23, 1993, petitioner was convicted in the state district court for Hennepin County, Minnesota, on one count of first degree murder, and was sentenced to life in prison. Following the conviction, petitioner took a direct appeal to the Minnesota Supreme Court, that court affirmed petitioners conviction May 19, 1995. **State v. Mckenzie**, 532 NW 2d 210 (Minn. 1995)

Petitioner sought Certiorari in the U.S. Supreme Court, the petition was denied Octob

was denied October 10, 1995, **Mckenzie v. Minnesota**, 516 US 926 (1995).

Petitioners counsel filed a post-conviction petition April 23, 1997, alleging that (1) the trial judge participated in a pre trial ex parte meeting with other judges assigned to cases involving defendant's charged with murder; (2) the trial judge impaneled an anonymous jury over the objection of defense counsel, (3) the states witnesses misrepresented the extent of their sentence reductions and other incentives received from the state at petitioners trial;

On August 6, 1998, the State Supreme Court rejected petitioners post-conviction appeal, and again upheld his conviction. **Mckenzie v. State,** 538 NW 2d 744 (Minn. 1998).

On July 6, 1999, petitioner filed a post conviction petition pro se alleging: (1) petitioner was denied the right to effective counsel (2) the state failed to correct false witness testimony of states witness. The petitioner was denied a hearing by the trial court August 9, 1999; the appeal was dismissed due to procedural default on January 20, 2000.

On October 20, 2000, petitioner filed a federal habeas corpus application/petion alleging that he was being unlawfully incarcerated. The claims were not addressed due to the petition being time barred under 28 U.S.C. § 2244 d (1). **See. Peition A(1), A (2), A (3), A(4).**

On August 20, 2002, petitioner filed a post-conviction petition **under newly discovered evidence** alleging: (1) the trial court erred as amatter of law by not responding to questions by the jury during deliberations and/or by responding to questions without the petitioner, the attorney, and without making a contemporaneous trial record of the communications. The petition was subsequently denied on December , 16, 2002, petitioner appealed the distrct courts order.

On October 27, 2003, the State Supreme Court stayed petitioners appeal, retained jurisdiction, and remanded the case to the district court for an evidentiary hearing. **State v. Mckenzie,** 670 NW 2d 582 (Minn. 2003).

On February 17, 2004, the district court denied petitioner any relief

On October 21, 2004, the State Supreme Court reaffirmed petitioners conviction alleging petitioner fails to meet his burden of establishing by a preponderance of the evidence standard.

Petitioner now requests that this honorable court grant a motion pursuant to 28 U.S.C. Rule 60 (B) (2) (6) and an order authorizing the district court to vacate and/or set aside the original judgement of dismissal in this instant action, and an order authorizing a new heabeas corpus application under § 2254 A (1) (2) (ii) B.

**B. <u>Fed. R. Civ. Proc. 60 (B), (2) and (6);</u>**

Fed. R. Civ. P. 60 (b) provides in relevant part:

(b) On motion and upon such terms as are just, the court may relieve a party... from final judgement... for the following reasons:

(2) newly discovered evidence which by due dilligence could not have been discovered in time to move for a new trial...

(6) any other reason justifying relief from the operation of the judgement.

**C. <u>Fed. R. Civ. Proc. 60 (B) (2);</u>**

1. On/or about February 26, 2002, petitioner received from the Hennepin County court clerk an envelope which contained three notes from the district court file. **Exhibit A.**

Note 1. October 20, 1993 at 2:25 pm **Exhibit B.**

Note 2. October 21, 1993 at 9:15 am **Exhibit C.**

Note 3. October 21, 1993 at 1: 55 pm **Exhibit D.**

2. Upon discovery of the npotes petitioner contacted trial counsel Micheal McGlennen regarding his knowledge of the notes. **Exhibit I.**

3. Petitioner contacted his appellate counsel Micheal Crommett regarding the standard practice in obtaining the district court
the notes and found he had no specific recollection of the notes and followed

3. Petitioner contacted his appellate counsel Micheal Crommet regarding these notes and found he had no specific recollection of the notes and followed the standard practice in obtaining the district court file in appealing petitioners conviction. **Exhibit E. See also. Exhibit I.**

4. Petitioner then filed a post-conviction petition and memorandum of law in support of the newly discovered evidence alleging the trial court erred by not responding to questions by the jury during deliberations or by responding to the questions by the jury during deliberations or by responding to the questions without notifying the petitioner, the attorneys, and without making a contemporaneous trial record. **Exhibit F.**

5. The district court assigned the case to Judge Diana S. Eagon after granting the petitioners motion and memorandum of law to recuse trial judge Robert Lynn. On December 16, 2002, Judge Eagon declined to grant petitioner any relief under Minn. Stat. § 590. **Exhibit G.**

6. The petitioner filed a timely appeal to the State Supreme Court in which the court on October 27, 2003 remanded the case to an evidentiary hearing. **Exhibit H.**

7. On/or about December 3, 2003, and again on December 16, 2003, the district court held evidentiary hearing. **Exhibit H.**

**While at the hearings petitioner discovered new additional evidencde viz:**

1. Judge Robert Lynn received a note from the jury during deliberations on October 20, 1992 at which time they requested the elements of which the petitioner was indicted (Minn. Stat. 609.185 (1); Minn. Stat. 609.05; Minn. Stat. 609.11); additionally Judge Lynn had an exparte communications about the note with trial counsel Micheal McGlennen and counsel for the state Robert Streitz; **Exhibit B.**

2. Judge Robert Lynn received a note from the jury during deliberations on October 21, 1993 at which time they requested to review certain other evidence. **Exhibit C.**

3. Judge Robert Lynn received a note from the jury during deliberations on October 21, 1993 at which time the jury requested the elements of first degree murder (Minn. Stat. 609. 185 (1)). **Exhibit D.**

4. When the first two notes (10-20-93 & 10-21-93) were received by the court, the court failed to;

Respond to the notes.

Make a contemporaneous trial record.

Ensure petitioner was present at all stages of his trial.

Decline to participate in ex parte communications with petitioner counsel and counsel for the state.

Give jurors the elements of the offenses which petitioner was charged/indicted

Give jurors a chance to review evidence when requested to do so. **Exhibits J and I Pgs. 13-52.**

5. Petitioners counsel Aurthur Martinez confirmed through testimony and evidence that the trial court knew the rules with respect to holding a hearing when the jury requests the elements of the offense. **Exhibit K** (transcripts October 21, 1993) and **Exhibit I Pgs 74-89.**

6. While at the October 21, 1993 hearing, the trial court nor counsel for the state made mention of the jurors earlier questions/requests. **Exhibit K.**

7. On December 3, 2003, as a result of the evidentiary hearing pursuant to petitioners newly discovered evidence claim, **additional new evidence/information** was discovered through testimony and exhibits, which is/was a continuance chain of newly discovered evidence in which the factual predicate for the claim could not have been discovered previously through due dilligence as required by Rule 60 (B) (2) to wit:

1. Judge Lynn informed petitioner that he contacted counsel for the state when the jury requested the elements of Minn. Stat. § 609.185 (4); 609.05; 609.11 **Exhibit I. Pg. 16**

2. Judge Lynn informed petitioner that he contacted petitioners counsel Micheal McGlennen when the jury requested to review ceratin other evidence. **Exhibit I. Pg. 20**

3. Judge Lynn informed petitioner that he contacted petitioners counsel when the jury requested to the elements of Minn. Stat's 609.185 (1); 609.05; 609.11. **Exhibit I Pg. 16.**

4. Judge Lynn informed petitioner that he contacted Robert Streitz when the jury requested to review certain other evidence. **Exhibit I. Pg. 20.**

5. On Decmber 16, 2003, petitioners trial counsel Aurthur Martinez testified that the trial judge held /conducted a proper hearing when the jury requested the elements of Minn. Stat. § 609.185 (1) **Exhibit I Pgs. 79-85 and Exhibit K** (October 21, 1993 3:03 pm).

6. With respect to the newly discovered notes Mr. Martinez was not contacted or had any knowledge of the notes. **Exhibit I. pgs. 79-85.**

On Decmber 16, 2003, petitioners trial counsel Micheal McGlennen testified that he had no knowledge of the notes or events (phine calls from Judge Lynn) surrounding the notes and introduced to the court an affidavit in support of his testimony /statements that he left matters in the hands of co-counsel Aurthur Martinez. **Exhibit L** (Affidavit december 1, 2003).

8. The state introduced an affidavit from Micheal McGlennen dated November 8, 1993, which mentions the " jury's early questions." **Exhibit M.**

9. The two signed and sworn affidavits and testimony from petitioners counsel Micheal McGlennen are conflicting and amount to perjury and/or perjured testimony and false or fraudulent evidence. **exhibit L, M, & I.**

10. Even through the act of due dilligence by petitioner, the evidence is clear and convincing that it is highly unlikely that petitioner would have found/discovered any new information from trial counsel, the state, or the trial court due to perjured testimony, conflicting testimony which is demonstrated by the affidavits, the record, the trial judges ledger, as well as the district courts denial of petitioners motion to call witnesses on his behalf. The evidentiary hearing shows that in fact the notes were newly discovered evidence and a total disregard for officers of the courts position by submitting knowingly false information to petitioner and the court in the form of affidavits as well as other significant information or exhibits thus, due dilligence on petitioners part is adequate and meets the standards set out in Fed. R. Civ. Proc. 60 (B) (2).

11. On December 16, 2003, Robert Streitz either confirmed petitioners allegations and/or confirmed petitioners allegations and/or confirmed the fact that he and co-counsel for the state George Widseth knew of the notes as they were submitted to the trial judge.

12. Petitioner submitted an unrebutted affidavit reaffirming his recolllection

of the notes and that the notes were in fact newly discovered and not part of petitioners file nor did petitioner have knowledge of the notes prior to February 26, 2000. **ExhibitN.**

13. On February 18, 2004, the district courts findings of fact are in accords with the evidence adduced at the evidentiary hearings, but, its conclusions of law are clearly errouneous and contrary to, ot involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court of the United Stattes. **Exhibit O.**

14. Petitioner filed atimely appeal to the State Supreme Court, which applied the wrong standard to petitioners claims of newly discovered evidence and its conclusions of law were clearly errouneous and cotrary to established defederal law, as determined by the Supreme Court of the United States. **Exhibit P.**

**The facts** underlying the claim, but for constitutional error, no reasonable fact finder would have found petitioner guilty of the underlying offense of Minn. Stat. 609.185 (4); 609.06; 609.11. In this instant action, the trial record is silent as to what transpired relative to the jury;s requests in notes one and two and petitioner was never made aware that the notes even existed simply becuase the notes were arbitrarilty suppressed by the trial court and counsel for the petitioner and the state acquieesed in the suppresion of the notes for more than ten years.

It however, was error for the trial court to receive the communications from the juey or either respond or not respond without notice to petitioner and/or outside of his presence especially given the substantive/substance of the communications, because the trial court made made no record, it is impossible to determine whether the error affected the result and was harmless

beyond a reasonable doubt. Moreover, the notes sent by the jury requested clarification of the law and to see evidence pertaining to first degree murder charge in count II, the only count petitioner was found guilty of. In note two, specifically the jury wanted to review the statements of witnesses who testified with regards to that count of the indictment. Prtitioner was never informed about the existence of the notes; the court held no hearings relative to the notes, and there was no contemporaneous trial record made of a responce to the notes.

Conversely, when the court received note three, it held a hearing, informed counsel and petitioner of the contents of the note, allowed counsel and petitioner an opportunity to be haerd, brought the jury in open court and responded to the note in detail with counsel and petitionerpresent on the record. Note three requested information relating to premeditated murder, one of the counts petitioner was found not guilty of. It is apparent by the third note that it was fully aware of the rules, laws and procedures that the court is required to adhere to when it receives a written question in the form of a note from a jury during deliberations. why the court, petitioners counsel, and counsel for the state failed to follow those perocedures when it received the first two notes or failed to follow those procedures when it received the first two notes or what if any responce was made to the jury relative to the notes we mat never know given the conflicting affidavits, leddger entries, and perjured testimony, based on that fact that the jury found petitioner not guilty of the counts (counts I & III) in which the court did follow the procedures and provided a proper responce it's reasonable if viewed in light of the evidence adduced at the evidentiary hearings had petitioner been afforded his rights under tthe law with regards to those first two notes no reasonable fact finder would have found petitioner guilty

guilty of the underlying offense in count II.

D. <u>Fed. R. Civ. Proc. 60 (B) (6); Ineffective Counsel & Equal Protection.</u>

On December 23, 2004, petitioner filed a post-conviction alleging (trial counsel Micheal McGlennen was ineffective in responding to the notes from the jury during deliberations and waiving petitioners right to be present at all stages of his trial without petitioners permission; and, Minnesota s Grand Jury selection procedures constitutes an Equal Protection viilation in atht the selection procedures are susceptible to abuse and is not racially neutral.

On February 22, 2005, the district court denied the petition and petioner filed a timely brief to the State Supreme Court Case No. A05-629, which is currently before the court.

Thus, petitioner would request that this court accept section (6) six of his petition and stay it until the State Supreme Court makes a final determination with respect to the two issues currently before the court.

E. <u>Ineffective Counsel;</u>

On December 16, 2003, petitioner discovered new additional information that his trial counsel Micheal Mcglennen had in fact knew of the noteds and had lied to petitioner when petitioner asked McGlennen if he had any knowledge of the notes. While at the evidentiary hearing all evidence adduced at the hearing including the fraudulent affidavit submitted by McGlennen showed by a fair preponderance of the evidence that McGlennen knew of the notes and arbitrarily waived petitioners right to be present at all stages of his trial.

Moreover, McGlennens actions/inactions fall within the perameters of section 6 and 2 of this motion in that ... due dilligence could not have been discovered in time for motion for a new trial... and ...any other reason justifying relief from operation of the judgement," McGlennens actions/inactions shows that he willfully acquiesced in the suppression of the notes for over ten years which viewed in light of the evidence specifically his false and/or perjured testimony along with the fraudulent affidavit submitted to the court justifies relief from the operation of the judgement and prevented the petioner from raising the issue regarding the notes as well as the jury not being given the elements of the charged offenses Minn. Stat's §§ 609.185 (4), Minn. stat. 609.05, Minn. Stat. 609.11 on direct appeal or presenting these claims fully and fairly to the United States District Court. Thus Rule 60 (B) (6) requires that this court vacate the judgement in the interest of justice and preventing this judgement from becoming a vehicle of injustice.

F. <u>Equal Protection;</u>

Fed. R. Civ. Proc. 60 (b) is grounded in the fact that equitable principles may be taken into account by a court in the excercise of its discrection under the rule. Here petitioner demonstrates that his substantive right to equal protection of the law pursuant to the fourteenth amendment to the United States Constitution has been violated due to petitioner being a victim of racial discrimination, if the principles of equity are properly applied to this instant motion and the liberal construction will prevent petitioners prior judgement from being a vehicle of injustice and will allow petitioner to place before the court an issue that is one of first impression in the Fourth Judicial District and to petitioners knowledge and leagal research this court has never made a specific findings regarding the if the selection

procedures employed by the Hennepin County Jury Commissioner which creates a selection procedcure that is susceptible of abuse and is not racially neutral and is in direct violation of the Fourteenth Amendment. This issue demands this courts incessant command that the prior judgement be set aside and that justice be done in light of all the facts becuase petitioner has introduced to the State Supreme Court that the jury commissioner has created a defect in the design of the Hennepin County selection system that produces a dispropo-rtionate number of single race grand juries and if not viewed by this court a serious manifest of injustice will result due to petitioners substantive right under the Fourteenth Amendment being at stake. **Exhibits. Q.** (portions of petitioners pro se brief submitted to the State Supreme Court).

G. Relief Requested/Grounds for Relief.

28 U.S.C. Rule 60 (B) provides that the court may relieve a party from a finaludgement to prevent the judgement from becoming a vehicle of injustice, due to the purposeful suppression of the notes and the waiver of petitioner right to be present at all stages of his trial and the fact that had petitioner been afforded his rights under the laws petitioner would not have been found guilty of the offense(s) charged, as well as, petitioners counsel being ineffec-tive with respect to his handling of the notes along with the Hennepin County Jury Manager purposely discriminating against grand jurors by not implementing a selection procedure that does not produce single race grand juries and/or produce a disproportionate number of single race grand juries.

**WHEREFORE**, petitioner requests that this honorable court grant this motion to vacate the prior judgement and accept or allow petitioner to proceed under § 2254 A (1) (2) (ii) B. **See Petition B, B (1).**

Respectfully submitted

Mwati Mckenzie
#155221
970 Pickett Street. North
Bayport, Mn. 55003

Pro se.