PETITION B & B (1)

00CV2350 PAM|JMM

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

B

**PETITION UNDER 28 U.S.C. SECTION 2254 WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Name: Mwati Pepi Mckenzie    Prisoner Number. 155221    Case No. 92095956

Place of Confinement.

MCF-Stillwater
Stillwater Correctional Facility
970 Pickett Street. North
Bayport, MN 55003

Name of Petitioner.    Name of Respondent.

Mwati Pepi Mckenzie    v.    Warden, MCF Stillwater Correctional Facility, Dan Ferrise

The Attorney General of the State of Minnesota.

**PETITION**

1. Name and location of court, which entered the judgment of conviction under attack.

Hennepin County District Court, Minneapolis, Minnesota.

2. Date of Judgment of conviction. October 23, 1993

3. Length of sentence. Life.

4. Nature of offenses involved. Two counts of first-degree murder. Once count of attempted murder.

5. What was your plea.

a. Not guilty **X**

6. Kind of trial

Jury

7. Did you testify at the trial

No

8. Did you appeal from judgment of conviction

Yes

9. If you did appeal, answer the following.

a. Name of court. The Supreme Court of the State of Minnesota.

b. Result. Conviction affirmed.

c. Date of result, May 19, 1995.

10. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgement in any court, state or federal? **Yes.**

11. (a) (1) Hennepin County District Court

(2) Petition seeking post conviction relief.

(3) Grounds Raised. Due process challenges based on denial of fair trial, because the trial judge had not been fair and impartial but had participated in a pre trial conference where he had decided a major issue of trial in the absence of the defendant and his counsel.

(4) There was no evidentiary hearing

(5) Denied petition without hearing

(6) Date of result July 24, 1997

(b) Second Petition

(1) Hennepin County District Court

(2) Petition seeking post conviction relief.

(3) Grounds raised

Petitioner was denied the right it ineffective counsel; (2) The state failed to correct false testimony of states witnesses(3) counsel failed to suppress testimony of states witnesses.

(4) There was no evidentiary hearing.

(5) Denied petition without hearing

(6) Date of result; Not applicable

(d) Did you appeal to the highest court having jurisdiction.

a. The first petition. **Yes**

b. The second petition. **No**. The appeal was denied because the petitioner filed it take certain steps to perfect his appeal

12. State concisely the grounds on which you claim that you are being held unlawfully.

A. Ground One.

Petitioner was denied his right to notification and hearing (Due process) when the trail court, his counsel, and counsel for the state did not respond to questions of law and to review certain other evidence submitted to the court by the jury during jury deliberations, and participated in ex parte communications.

Supporting facts. The trial judge, Counsel for the petitioner, and counsel representing the state erred as a matter of law by not responding to questions of law and to review certain other evidence by the jury during deliberations or by responding to the questions without notifying the petitioner, the and without making a contemporaneous record.

B. Ground Two:
Petitioner was denied due process and his sixth amendment right to be present at all critical stages of his trial.

Supporting Facts. Officers of the court engaged in ex parte communications and erred as a matter of law by not responding to questions of law and to review certain other evidence by the jury during deliberations or by responding to the questions without notifying the petitioner, the and without making a contemporaneous record.

C. Ground Three.
Minnesota State Supreme Court erred as matter of law when it denied the petitioner a new trial. When the trial court and officers of the court denied the petitioner his right to be present, and of notification, and hearing.

Supporting facts. Minnesota courts refused to grant the petitioner a new trial when he submitted to the court by fair preponderance of the evidence that he was entitled to a new trial and that the officers of the court committed judicial misconduct in denying him his right be present at all critical stages of his trial pursuant to U.S. Constitutional Amendment Six.

D. Ground Four:
Due Process violation.

Supporting facts. The trial court violated the petitioners right to due process in that he was denied hid right to notification and hearing guaranteed by the Sixth and Fourteenth amendments of the U.S. Constitution.

E. Ground Five: Petitioner was denied due process and was deprived of liberty without due process of law by the state court's denial of petitioners U.S. Constitutional Sixth amendment guaranteed right to an impartial jury.

Supporting facts.
The U.S. Constitution guarantees to each defendant a right to be tried by an impartial jury. Flowing from the right of defendants in criminal proceedings to trial by an impartial jury.

13. All grounds were presented.

14. Do you have any petition or appeal in any court, either state or federal, as to judgment under attack? Yes.

15. Give name and address, if known of each attorney who represented you in the following states of judgment attacked herein:

(a) at preliminary hearing. Aurther Martinez and Micheal McGlennen. 425 South 3rd St. Minneapolis, MN 55415
(b) At arraingment and plea. Aurther Martinez and Micheal McGlennen. 425 South 3rd St. Minneapolis, MN 55415
(c) At trial Aurther Martinez and Micheal McGlennen. 425 South 3rd St. Minneapolis, MN 55415

(d) At sentencing. Aurther Martinez and Micheal McGlennen. 425 South 3rd St. Minneapolis, MN 55415
(e) On appeal. Micheal F. Crommett E-1314 First National Bank Building, St. Paul, MN 55101
(f) In any post conviction proceedings. Keith Ellison and Robin Magee. Hamline University school of Law, 1536 Hewitt Avenue, St. Paul, MN 55104.
(g) On appeal from adverse ruling in post conviction proceeding. Keith Ellison and Robin Magee. Hamline University school of Law, 1536 Hewitt Avenue, St. Paul, MN 55104.

16. No.
17. Yes
(a) Not Applicable
(b) Sixteen Months.
(c) No.

*Wherefore, petitioner prays that the court grant petitioner relief in which he may be entitled in this proceeding.*

__________________________
*Signature of Attorney (if any)*

*I declare (or certify, verify, or state) under penalty of perjury and the foregoing is true and correct. Executed on* ________________

__________________________
*Signature of Petitioner*

MEMORANDUM OF LAW FOR 28 U.S.C. SECTION 2254
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

---

UNITED STATES DISTRICT COUFRT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Mwati Mckenzie,
Petitioner.

-against-

Superintendent, Dan Ferisse,
Correctional Facility, Stillwater Correctional Facility,
Respondent.

---

**Memorandum of Law**

This memorandum of law is submitted in support of the petitioners Writ of Habeas Corpus under 28 U.S.C. 2254. Claiming the trial court, counsel for the state of MInnesota, and counsel for the petitioner erred as amtter of law by not responding to questions of law and to review certain other evidence, denial of the pettioners right to be present at every critical stage of his criminal trial, responding to the questions without making a contenporaneous trial record, and denting the petitiopner his right ot be tried by an impartial jury as well as a trial judge.

**Statement of Facts.**

On October 20, 1993, the jury retired to the jury room for deliberations. During de3liberations, the jury sent ot the trila court three written notes **App. 1-3.** The first note was sent and recieved by the court on October 20, 1993 at 2:25 (App1). It read; :Judge Lynn, We would like some clarification on some of the b... if possible pertainig to first degree murder charge aiding and abetting?" Forman juror no. 8. The second note was sent and received by the trial court on October 21, 1993 at 9:15 am (App. 2) It read; "Judge Lynnn would it be possible to get the original polilce statements of Loverine Harris, Richard, and Olivia Gregory?" The jury Forman no. 8. The court, petitioners counsel, or counsel for the state **never** notified petitioner of these notes nor did the court make a contemporaneous record of waht responce if any was made to th e jury with respect to their requests in these notes.

The third note was sent and recieved by the trial court on October 21, 1993 at 1:55pm and this note read; "In order to prove premediattion do we need to decide that they specifically went to the pizza shack to kill officer Haaf we are trying to determ-ine premeditation. (R.E. premeditation pg. 3rd element) P.S. Jerome Haaf vs. any police officer?" App. 3 On October 21, 1993 at 3:03 pm the court conducted a hearing in open court. Present were Mr. Widseth attorney for the state; attorney for the petitioner (Arthur Martinez) and petitiopner. The court informed counsel and petitioner that, "At approximately 1:55 this afternoon I received a note from the jury which reads as follows;

"In order to prove premeditation do we need to decide that they specifically went to the pizza shack to kill offficer Haaf we are trying to determine premeditation. (R.E. premeditation pg. 19 3rd element) P.S. Jerome Haaf vs. any police " Thanks no. 37. Forman no. 8 P.S. Jerome Haaf vs. any police officer?" App. 3 & A (T. 1492)

Thcourt then states that it would,..read jury instructions 11-01, which is the statutory definition of first degree murder with premeditation-intent. Then read the entirety of jury instructions guide 11-02, which is exactly as was given to th ejury, except for this...the only words I'm changing is to add "or another" after the name Jerome Haaf." (T. 1494) App. A

On October 23, 1993, the jury returned the verdict of guilty-murder in the firsat degree. Petitioner filed a post convicti on on Auguct 20, 2002, under newly discovered evidence alleging , (1) the trial court erred as a matter of law by not responding to questions by the jury during deliberations or by responding to the questions by the jury during deliberations or by responding to the questions without notifying the petitioner, the attorney, and without making a contemporaneous record. The petitioner was subsequesntly denied post-conviction relief without a hearing on December 16, 2002 by the district court. The petitioner appealed to the State Supreme court on October 27, 2003, the State Supreme court retained jurisdiction over the case, and remanded an evidentiary hear4ing. On February 17, 2004, the district court issued findings of fact, conclusions of law, and an order denying the petitioners claims as **harmless.** The petitioner then appealed the district courts ruling, the State Supreme Court

denied the petitioner appeal from the judgement of the district court October 21, 2004. App. C [1]

**THE TRIAL COURT PREJUDICALLY ERRED IN RESPONDING TO QUESTIONS BY THE JURY DURING IT'S DELIBERATIONS WITHOUT NOTIFYING THE PETITIONER, AND WITHOUT MAKING A CONTEMPORANEOUS RECORD.**

**A. Introduction.**

The confrontation Clause of the Sixth Amendment to the United States Constitution which is applicable to the states through the Fourteenth Amendment gaurantees criminal defendants the right to be present at all stages of trial where his abscence **might** frustrate the fairness of the proceedings. **Faretta v. California**, 422 U.S. 806, 819. (1975). In addition, the Due Process Clause protec ts a defendants right to be present in some situations even when neither witnesses or evidence is presented against the defendant. **United States v. Gagnon**, 470 U.S. 522, 526, (1985). Correspondingly, **Minn. R. Crim. P. 26.03 1 (1)**, gives the defendant the right ot be present at all stages of trial. The rule specifically states that the "...defendant **shall** be present at...every stage of trial..." In the case of communications with the court and the jury after deliberations begun **Minn. R. Crim. P. 26.03 19 (2), (3)** requires that communications between the court and jury after deliberations have begun "should be in open court in the defendants presence." **State v. Sessions**, 621 NW 2d 751, 755-56 (Minn. 2001)

The rule specifically states: The jury "**shall** be conducted to the courtroom" upon it's request to hear evidence or to be informed of any point of

1. The petitioner did not know that all officers of the court except Aurther Martinez knew of the questions presented to the court from the deliberating jury. The petitioner did not know of this until an evidentiary hearing was conducted.

law. These provisions are mandatory and "does not depend on the form or the substance of the courts responce. **State v. Sessions, supra at 756.** The Minnesota Supreme court has cautioned district courts that a contemporaneous record **must** be made at each stage of trial with an emphasis on communications between the court and the jury during deliberations. **Sessions supra at 756; United States v. Widgery,** 778 F 2d 325 (7th Cir. 1985) at 327; **Rogers v. United States,** 95 S.Ct. at 2094.

B. **Analysis.**

That such communications are entirely improper is settled. The leading case **Shileds v. UNited States,** 273 U.S. 583 (1927), contained facts similar to those of the case here. In **Shileds** counsel for the government and for the defendants had joined in a request to the court that the jury be held in deliberation until they should agree upon a verdict. Later in the deliberations the jury sent a notes to the judge advising him of their verdict with regard to some defendants and their inability to agree about the other defendants. The judge sent back a note in responce telling the jury they would also have to find these other defendants guilty or not guilty. These notes were sent and received in the abscence of Shields and his counsel, and they were not informed about the notes, although the notes were preserved and made a matter of record.

After the court of appeals had affirmed shields convicgtion, the Solicitor General advised the Supreme Court that "the government is unable to find any satisfactory ground for opposing the Petition for Writ of Certiorari." **Shields at 587.** A unamoius court reversed. It was enough for a reversal in the courts view, that the trial court had communicated with the jurors in the abscence of the defendant. Despite this clear rule against such private communications between court and jury, over 75 years ago, they continue to persist. The vital question here is under what circumstances they require that a conviction be set

aside.

C. **Standard of Review.**

Automatic reversal

Some states adopted the rule, even for civil cases, that a communication between court and jury of which counsel is aware requires reversal without more. **Kersy Mfg. Co. v. Rozic,** 222 A. 2d 713 (1966). It held that because prejudice is always possible from such communications though the existence of prejudice cannot be demonstrated. Traditionally even the Minnesota courts have held that a "defendant's abscence from critical stages of his trial merits automatic reversal."

The Mattox Rule.

In any event the rule there announced is consistent with the majority view on the consequences of communications between court and jury. The Supreme Court long ago said that they "invalidate the verdict, at least unless their harmlessness is made to appear." **Mattox v. U.S.** , 146 U.S. 140, 150 (1892).

An infusion of these two rules have been adopted by the State of Minnesota courts and the 8th circuiot. **Rice v. U.S.** 356 F. 2d 709 (8th Cir. 1966) "error of court in sending oral answer to jury outside of presence of defendants and their counsel required reversal, where there was no affirmative showing of lack of prejudice."

"The test to determine if the communication was prejudicial is whether or not the error affected the result; if it did not, it is not reversiable error." **State v. Kelley,** 517 NW 2d 905 (Minn. 1994).

Matter of Record Exact Contents Unknown.

If the communication is not part of the record and it's substance is proper, thenm it can be said affirmatively that the error was harmless.

**Rogers v. United States**, 422 U.S. 35, 40 (1975); **State v. Kelley**, 517 NW 2d 905, 908 (Minn. 1994)

But if the court makes no contemporaneous trial record and it is impossible to be sure exaxtly what was said to the jury, either because the message was delivered orally through a third person or for some other reason **the communication is not part of the record**, reversal **must** follow. **Wheaton v. U.S. C.C.A. 8th**, 1934 133 F. 2d 522, 527. The government having admitted that a communication between the baliff and the jury had taken place had the burden of establishing that the commuynication wsas in fact harmless.

The affidavit of the baliff was not competent proof that the communication was not competent proof that the communication was harmless, and was not a sufficient basis for the determination of the trial court that no prejudice had resulted." **State v. Shifsky**, 243 NW 533, 545 (Minn. 1955). "Although where the record is silent as to the possibility of harm, a presumption generally favors the defendant and a new trial is granted."

THe United States Supreme Court held that a conviction could not be affirmed where, " we do not know from this record, nor does the petitioner know what actually transpired, or whether the incidents that may have occured were harmful or harmless." **Remmer v. U.S.**, 347 U.S. 227, 229 (1954).

Failure to Make Record.

When a constitutional right as fundement as right to be at ones own trial is implicated, the trial court has an **obligation** to safegaurd that right **State v. Cassidy**, 567 NW 2d 707 at 711 (Minn. 1977).

A district court should create a contemporaneous trial record of its discussions with attorneys during jury deliberations. **State v. Charles**, 634 NW 2d at 433; **State v. Hendry**, 636 NW 2d 158 at 166 (Minn. App. 2001).

Where the record is **silent** as to the possibility of harm a presumption genrally favors the defendant and a new trial is granted. **State v. Schifsky**, 69 NW 2d at 97.

Failure to Respond.

Jury questions concerning **"any point of law"** requires notification and perhaps additional instructions **Minn. R. Crim. P.** 26.03 19 (3) (1) if the jury*** desires to be informed on any point of law, the jurors after notice tbe the prosecutor and defense counsel, **shall** be conducted to the court room and the courtroom and the court **shall** give appropriate additional instructions.

If the jury, after retiring for deliberations, desires to be informed on **any** point of law, the jurors after notice to the prosecutor and defense counsel **shall** be conducted to the courtroom and the court **shall** give appropriate additional instructions. **States v. Sessions at 756; Minn.** R. **Crim** P. 26.03 19 (2) (1); **Minn.** R. **Crim.** P. **26.03** 19 (3) (1); **F.** R. **Crim.** P. 43.

The rules require attorney notification, an open court proceeding, and perhaps additional instructions when the jury "requests a review of certain testimony or other evidence **Minn. R. Crim P.** 19 (2) (1) or when the jury "desires to be informed on any point of law." **Minn. R. Crim. P.** 26.03 19 (3) (1).

The rules are also **clear** that additional instructions need not be given if "the request concerns matters not in evidence or questions which do not pertain to the law of the case. **Minn. R. Crim. P.** 26.03 19 (3) (1) (b) ; **State v. Murphy,** 380 NW 2d 766 at 722 (Minn. 1986).

Right to Be Present.

The petitioner has a right to be present at **every stage** of a trial **State v. Bouman,** 354 NW 2d 1, 9 (Minn. 1984); **United States v. Hurse,** 477 F 2d 31 (8th Cir. 1973).

the confrontation clause gaurantees a criminal defendant a **absolute right** to be present whenever his abscence might frustrate the fairness of the proceedings **State v. Worthy,** 583 NW 2d 270 (Minn. 1998); **United States v. Widgery,** 778 F 2d 325 (7th Cir. 1985) at 327; **Rogers v. United States,** 95 S.Ct. at 2094; **State v. Grey,** 256 NW 2d 74, 76 (Minn. 1977); **Kentucky v. Stincer,** 482 U.S. 730, 745 (1987).

The due process clause protects a defendants right to be present in some situations, even when neither a witness nor any evidence is being presented, butthis right may be waived if it is done completely and intelligently **United States,** 470 U.S. 522, 526 (1985); **States v. Charles,** 634 NW 2d 425 (Minn. App. 2001).

Waiver of Right.

The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards **Boykin v. Alabama,** 395 U.S. 238, 243 (1969).

Absent a **"waiver"** a defendant **shall** be present at every stage of trial; **Minn. R. Crim. P.** 26.03 1 (1).

The district court **must** ensure that the defendants waiver of the right to be present was made voluntarily after consultation with counsel and a record of the waiver **must** be made. **Taylor v. United States,** 414 U.S. 17 (1973); **U.S. v. Reynolds,** 489 F 2d 4 (1973); **Rogers supra at 2092, 2094** (1975).

"Waiver" of a constitutional right as that term was defined in **Johnson v. Zerbst,** 304 U.S. 458, 464 (1938), is an intentional reliquishment or abandonment of a known right or privilege," waivers of constitutional rights not only must be voluntary but must be knowing intelligent acts done with

sufficient awareness of the relevant circumstances and likely consequences **Brady v. U.S.** 397 U.S. 742, 748 (1970); **State v. Cassidy,** 567 NW 2d 707 at 709.

The decision to waive is not a decision for counsel to make, but a personal decision for the defendant to make after consultation with counsel. **State v. Ware,** 498 Nw 2d 454 (Minn. 1993); **United States v. Reynolds** supra at 4; **States v. Charles,** supra at 425, 433.

Context of the Judge Jury Communications.

A judge should not communicate with a jury or jurors, or answer jury questions, in the defendants abscence, even if counsel is present, without a valid waiver. **State v. Charles,** 634 NW 2d 292 (Minn. 1995); **U.S. v. Reynolds,** supra at 4.

**Minn. R. Crim. P.** 26.03 19 (2) (3) requires that communications between the court and jury after deliberations have begun should be in open court in the defendants presence. **Sessions** supra at 755-56 (Minn. 2001)..

These provisions are mandatory and does not depend on the form or substance of the courts responces. **Charles** supra at 433; **Widgery** supra at 327; **United States v. Hurse,** 477 F 2d 31 (8th Cir. 1973).

THat such communications are entirely improper is settled. **Unites States v. York,** 830 F 2d 855 at 891 (8th Cir. 1987); **Shields v. United States,** 273 U.S. 583 (1927); **Rice v. United States,** 356 F 2d 709, 716-17 (8th Cir. 1966); **United Stattes v. Mesteth,** 528 F 2d 333, 335 (8th Cir. 1976); **State v. Charles,** supra at 433.

Due Process; Notification and Hearing.

The due process clause of the Fourteenth Amendment imposes on the conduct of criminal proceedings by the states. **Rochin** supra 72 S.Ct. at 207.

The essential elements of due process of law are notice, and an opportunity to be haeard and to defend in an orderly proceeding adaoted to the nature of the case, and a person cannot incur the loss of liberty for an offense without notice and meaningful opportuntiy to defend. **Jackson v. Virginia**, 99 S.Ct. at 2786; **Anderson National Bank v. Luckett**, 321 U.S. 246-248.

The gauaranty of due process found in the fifth Amendment of the federal constitution declares that no person shall "be deprived of life , liberty, or property without due process of law."

The fundemental requisite of due process of law is the opportunity to be heard. **Grannis v. Ordean**, 243 U.S. 385, 394; **U.S.C.A. Const. Amend. 14. Armonstrong v. Manzo**, 85 S.Ct. 1187 at 1191..

The requirement of "due process" means the opportunity for a hearing which is an opportunity to be present during the taking of testimony or evidence to know the nature and contents of all the evidence adduced and to present any relevant contentions and evidence that party may have. **In re Amalgamated Food Handlers, Local 653-A**, 70 NW 2d 267,

Due process of law requires that every person **shall** have the protection of his day in court and opportunity to be heard in order to establish any facts which will protect his rights. **State v. Sax**, 42 NW 2d 680.

To condemn without a hearing is a denial of **due process** of law gauranteed by the constitution. **U.S.C.A. Amend. 14; Dahl v. Collete,** 279 NW 2d 561.

Duty to Respond.

The court has responsibility to eliminate confusion when a jury asks for **clarification** of a particular issue. **U.S. v. Hayes,** 794 F. 2d 1348.

Trial judge has some obligation to make reasonable efforts to answer a question from the jury. **U.S. Rodriguez**, 765 F. 2d 1546; **U.S. v. Franco,** 874 F. 2d 1136 (district court has **duty** to answer jury's question with concrete accuracy).

Trial judge should make every effort to assure that **any** communication from jury, no matter how trivial, is either in writing or record in trial transcript. **U.S. v. Leung,** 40 F. 3d 577.

Jurisdiction.

The terms "jurisdiction" and judicial "power" often are used interchangeably, for jurisdiction "is a term of comphrehensive import." **Paige v. Sinclair,** 237 Mass. 482, 483 (1921).

Jurisdiction concerns and defines the power of courts encompassing the power to inquire into facts, apply the law, make decisions, and delcare judgement. **Police Commissioner of Boston v. Municipal Court of Dorchester Dist.** 374 N.E. 2d 272, 285.

Potential Prejudice to Petitioner.; Notes 1-3.

Notes one and two sent to the jury requested clarification of the law and to see evidence pertaining to the first degree murder charge in count II, the only count petitiopner was found guilty of. In note two specifically the jury wanted to review the statements of witnesses who testified with regards to that count of the indictment. Petitioner was never informed about the existence of these notes until he discovered them ten years later' petitioners appellate counsel App's B & C.(1) and (2).

Coversely, when the court received notes one and two it failed in it's duty to ensure that petitioner was present and a hearing was held , as did the officers of the court App. D. Moreover, when petitioners counsel was made aware of the jury's requests they ignored them as well, during the evidetiary hearing(s) counsel for petitioner submitted an affidavit that conflicted with an affidavit submitted to the court in 1993, which petitioner was not aware of, nor was his appellate counsel App. E & F, the former errors surely effected the out come of the trial and petitioners conviction must be reversed.

Conversely, when the court received note three it held a hearing, informed counsel and petitioner of the contents of the note, allowed counsel an opportunity to be heard, brought the jury into open court and responede to the note in detail with counsel and petitioner present on the record.

Note three requested information relating to premeditated murder one of the counts petitioner was found guilty of.. It is apparent by the courts actions with regards to this third note that it was fully aware of the laws, rules and procedures that the court is requiored to adhere to when oit receives a written question in the form of a note from a jury during deliberations.

Why the court in this case failed to folow those procedures when it received the first two notes we may never know, but based on the fact that this jury found petitioner not guilty of the counts in which the court did follow the procedures and provided a proper responce it's **reasonable** to conclude that had the petitioner been afforded his right under the law with regards to those first two notes this jury may have found him not guilty of that count as well.

In this case the record is silent as to what transpired relative to the jury's requests in notes one and two and petitioner was never made aware that the notes even existed. Therefore petitioner does not know what actually transpired or whether the responces to the notes or lack thereof, which ever the case may be, were harmful or harmless, although, the two evidentiray hearings produced evidence that the trial court committed a prejudicial error that affected petitoners constitutional right to be present at all stages of his trial; It however was a plain error for the trial court to receive these communications from the jury and not respond without notice to petitioner given the substance of these communications. And because the court made no record it is impossible to determine wheter the error affected the result and was harmless beyond a reasonable doubt.

In such a situation the law is clear in this country, this circuit, this state, "...if for some reason the communication IS NOT PART of the record, **reversal must follow.**"

Thus, petitioners convictions should be vacated and reversed.

Respectfully submitted,

NOTE OCTOBER 20, 1993 EXHIBIT B.

3

FILED
93 OCT 26 PM 3:35
BY
HENN. CO. DISTRICT
COURT ADMINISTRATOR

In order to prove premeditation do we need to decide that they specifically ~~to~~ went to the Pizza Shack to kill Officer Jerry Haaf. We are trying to determine premeditation.

(R.E. Premeditation Pg 19 3rd element)

Thanks #37

Forman
~~Forman~~
#8

P.S.
Jerome Haaf vs any police officer #37.

Received 10/21/93 @ 1:55