00CV2350 PAM/JMM

POSTCONVICTION PETITION EXHIBIT F.

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

F

STATE OF MINNESOTA | DISTRICT COURT
COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

MWATI PEPI MCKENZIE

Petitioner,

v.

STATE OF MINNESOTA

Respondent.

PETITION FOR POST CONVICTION RELIEF

Court File No.

Mwati Pepi McKenzie petitions this court for Post Conviction relief pursuant to Minnesota Statute Chapter 590, as follows:

I. Petitioner was convicted of first degree murder on October 23, 1993 and sentenced to a mandatory thirty years. The convictions were obtained in violation of petitioners rights under the Constitution and the laws of the State of Minnesota and the United States.

II. On Appeal to the Minnesota Supreme Court, Petitioner argued that (1) the Court of Appeals erred by reversing the order of the trial court accepting petitioners waiver of his constitutional right to trial by a jury of twelve. (2) that the use of an anonymous jury burdened the presumption of innocence to which petitioner was entitled; (3) that jury selection procedures were discriminatory and denied petitioner the right to an impartial jury; (4) that the trial judge erroneously instructed the jury on the law regarding aiding and abetting; (5) that there was insufficient evidence to establish petitioners guilt.

Petitioner's appeal was denied and he was subsequently denied a writ of certiorari by the United States Supreme Court.

APPENDIX A

Petitioner filed a Post Conviction Petition on April 23, 1997. Petitioner represented by counsel alleged that; (1) the trial judge participated in a pre trial ex parte meeting with other judges assigned to cases involving defendants charged in connection with the killing of officer Jerome Haaf. (2) the trial judge impaneled an anonymous jury over the objection of defense counsel; (3) the states eyewitness recanted the testimony she gave at petitioners trial; (4) state witness Eugene McDaniel and Richard (a juvenile) misrepresented the extent of their sentence reductions and other incentives they received from the state st petitionèrs trial.

Petitioner filed a second Post Conviction Petition Pro Se on August 10, 1999. Alleging; (1) petitioner was denied the right to effective assistance of counsel; (2) the state failed to correct false testimony of state witnesses; (3) ineffective assistance of counsel in that counsel failed to suppress testimony of states witness Richard Wright.

The Petition was denied by the District Court, and subsequently dismissed by the Minnesota Supreme Court because petitioner failed to take certain steps to perfect the appeal.

III. Petitioner alleges the following facts in support of his petition:

The trial court erred by not responding to questions by the jury during deliberations or by responding to the questions without notifying the petitioner, the attorney's, and without making a contemporaneous record.

A. Petitioner was denied his due process right to a fair trial by virtue of;

1. The trial courts failure to respond to questions by the jury during deliberations; or

2. The court communicating with the jury during deliberations;

a.) Outside of open court;

b.) Without notifying counsel for the state or petitioner;

c.) In the absence of petitioner;

d.) and without making a contemporaneous record.

B. Petitioner was denied Due Process by the totality of the defects of his trial.

IV. Petitioner is financially unable to afford counsel and requests that the court appoint a conflicts attorney to represent him.

V. Petitioner requests that a different judge than judge Lynn be assigned to hear this petition.

Wherefore, petitioner requests this court grant the following relief:

1. Set aside petitioners conviction and dismiss the charges with prejudice, or in the alternative, grant petitioner a new trial.

2. Such other relief as the court deems just and proper.

Respectfully Submitted,

Mwati Pepi McKenzie
#155221
5329 Osgood Ave. North
Stillwater, Minnesota 55082-1117

Petitioner Pro Se