00CV2350 PAM/JMM

SUPREME COURT ORDER EXHIBIT H.

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

H

OFFICE OF
APPELLATE COURTS
OCT 27 2003
FILED

STATE OF MINNESOTA

IN SUPREME COURT

C3-03-321

Mwati P. Mckenzie, petitioner,

Appellant.

vs.

State of Minnesota,

Respondent.

Considered and decided by the court en banc.

ORDER

A Hennepin County jury found Mwati P. Mckenzie guilty of first-degree murder in violation of Minn. Stat. § 609.185(4) (2002) in connection with the September 25, 1992, murder of Minneapolis police officer Jerry Haaf. The trial court sentenced Mckenzie to life in prison. The facts of the underlying case are set forth in this court's opinion affirming Mckenzie's conviction on direct appeal. *State v. McKenzie*, 532 N.W.2d 210, 213-17 (Minn. 1995).[1]

On August 20, 2002, Mckenzie filed this, his third petition for postconviction relief. In the memorandum supporting the petition, Mckenzie alleges that the trial court

---

[1] In our 1995 decision on direct appeal, we spelled Mckenzie's name "Mc*K*enzie." Based on Mckenzie's pro se submission to the court below and to this court in the instant matter, it appears that his last name was misspelled. According to those submissions, the correct spelling is "Mc*k*enzie." The caption above has therefore been changed accordingly.

denied him a fair trial by violating his right to be present at a stage of his trial when the court either did not respond to two notes from the jury or responded to the notes without Mckenzie or his counsel being notified. Mckenzie also alleges that if the trial court responded to the notes the court did so without Mckenzie or his counsel being present and without making a contemporaneous record. Mckenzie now appeals from the postconviction court's summary denial of the petition without conducting an evidentiary hearing.

Underlying Mckenzie's claim are two notes sent by the jury foreman to the trial court judge during jury deliberations. The first note, which contains a handwritten notation indicating it was received at 2:25 p.m. on October 20, 1993, reads as follows: "Judge Lynn, we would like some clarifacation [sic] on some of the by laws if possible – pretaing [sic] to First Degree Murder Charge – Aiding & Abeting [sic] Forman [sic] Juror #8." The second note, which contains a handwritten notation indicating it was received at 9:15 a.m. on October 21, 1993, reads: "Judge Lynn, Would it be possible to get the original police statements of Loverine Harris[,] Richard[,] and Olivia Gregory The Jury Forman [sic] #8." The first note was date-stamped as having been filed at 3:34 p.m. on October 26, 1993. The second note was date-stamped as having been filed at 3:35 p.m. on October 26, 1993.[2] The record is silent as to whether Mckenzie and his

[2] The record reflects a third note from the jury. That note reads: "In order to prove premeditation do we need to decide that they specifically went to the Pizza Shack to kill Officer Jerry Haaf. We are trying to determine premeditation. (RE: Premeditation Pg 19 3rd element). Thanks #37 Forman [sic] #8 P.S. Jerome Haaf vs. any police officer #37." This note bears a handwritten notation indicating that it had been received at 1:55
(Footnote continue on next page.)

counsel were made aware of either note or how, if at all, the trial court responded to either of these notes.

Generally, under Minnesota's rules of criminal procedure, when a deliberating jury makes a request to review testimony or other evidence or asks to be informed on any point of law, the jury must be brought into open court and the prosecutor and defense counsel must be notified. Minn. R. Crim. P. 26.03, subd. 19(2)-(3); *see also State v. Sessions*, 621 N.W.2d 751, 756 (Minn. 2001). The Sixth Amendment to the United States Constitution gives a defendant the right to be present at all stages of trial. *Sessions*, 621 N.W.2d at 755. "Responding to a deliberating jury's question is a stage of trial." *Id.* Under Minn. Stat. § 590.04 (2002), the district court must grant a hearing on a postconviction petition unless the petition "conclusively show[s] that the petitioner is not entitled to relief." *Ives v. State*, 655 N.W.2d 633, 635 (Minn. 2003). An "appellant must allege facts that would, if proven by a fair preponderance of the evidence, entitle him to relief." *State v. Rhodes*, 627 N.W.2d 74, 86 (Minn. 2001). Any doubts as to whether to hold an evidentiary hearing should be resolved in favor of the party asking for the hearing. *State ex rel. Roy v. Tahash*, 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967).

On the record before us, we are unable to evaluate Mckenzie's claims with respect to the first and second notes. Therefore, we remand this matter to the postconviction

---

(Footnote continued from previous page.)
p.m. on October 21, 1993, and a date stamp indicating that it was filed on October 26, 1993, at 3:35 p.m. The record reflects that an on-the-record hearing was held with respect to this third note on October 21, 1993. The state, Mckenzie, and his counsel were present at that hearing. The petition did not challenge the handling of this note.