JUDGE LYNN"S NOTES FROM LEDGER EXHIBIT J.

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

J

270 O. J Robert H. Lyman 12/15/03



10/19/93 (659) St. v McKenzie =

2:00 St. Final - Streitz -
Got close - when talked @ professional lives on the line

3:23 -
Recess

3:35 - Δ Final - Martinez -
4:25 - Walking the line - equal opportunity to produce evidence

- Indirect injection of fear of Vice Lords to the jury

4:45 - 5:00 - Final Instructions -

4 hours
5:05 - Deliberations begin
9:10 - Jury retires

10/20/93 9:00 Jury reconvenes -

2:00 Jury requested individual copies of instructions -
complied + notified counsel -

10/2[illegible]
2:25 - Note from jury - requesting "clarification" of aiding + abetting on Murder I
- phoned McGlennon - he wants me to just to say they have the law -

10/20/93 — 9:00 Jury reconvenes —

2:00 Jury requested individual copies of instructions —
complied + notified counsel —

2:25 — Note from jury — requesting "clarification" of aiding + abetting of Murder I
— phoned McGlennon — he wants me to just to say they have the law —
— phoned — Streitz — OK —

2:40 — Answer: you have the instructions on the issue.

7:30 — Jury retires night #2

10/1/2

10/21/93 — 9:40 Jury deliberations continue
9:15 — Question requesting police statements of L. Harris, Richard & O. Gregory
Talked to counsel
Answer — No addl. evidence

1:55 — Rec'd Question — Re elements of Murder I — Phoned
Confer w/ counsel
3:05 Answer in open court w/ D present

7:45 Jury retires

10/1/2

APP. 4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

MWATI PEPI MCKENZIE

Petitioner,

v.

STATE OF MINNESOTA

Respondent.

MEMORANDUM OF LAW

---

## I. FACTS

On October 20, 1993, the jury retired to the jury room for deliberations. (T.1471). During deliberations the jury sent the trial court three written notes (App.1-3).[1] The first note was sent and received by the court on October 20, 1993 at 2:25pm (App.1). It read; " Judge Lynn, we would like some clarification on some of the b... if possible pertaining to First Degree Murder charge aiding and abeting? " Foreman Juror #8.

The second note was sent and received by the trial court on October 21, 1993 at 9:15am (App. 2). It read; "Judge Lynn, would it be possible to get the original police statements of Loverine Harris, Richard and Olivia Gregory? " The Jury Foreman #8.[2]

The court never notified petitioner or his counsel about these notes nor

---

1 Petitioner or counsel were never made aware of notes 1 or 2. Petitioner discovered them recently. (APP. 4-6)

2 These two notes were sent by the jury and received by the court in the absence of counsel and petitioner. They were never informed at all about the notes although the notes were preserved and made a part of the record.

did the court make a contemporaneous record of what response if any was made to the jury with regards to their requests in these notes.

The third note was sent and received by the trial court on October 21, 1993 at 1:55pm and this note read; " In order to prove premeditation do we need to decide that they specifically went to the pizza shack to kill Officer Jerry Haaf we are trying to determine premeditaion. (R.E. premeditaion Pg. 19 3rd element). P.S. Jerome Haaf vs any Police Officer? " (App.3).

On October 21, 1993 at 3:03pm the court conducted a hearing in open court. Present were Mr. Widseth attorney for the state; attorney for Petitioner and Petitioner.

The court informed counsel and petitioner that, " At approximately 1:55 this afternoon I received a note from the Jury, which reads as follows:

> ' In order to prove premeditation do we need to decide that they specifically went to the Pizza shack to kill Officer Jerry Haaf? We are trying to determine premeditation. (R.E. premeditation Pg. 19, 3rd element) Thanks #37. Foreman #8 P.S. Haaf vs any police officer, #37).' " (T.1492).

Counsel for Petitioner then addressed the court and requested that the court , " simply ask the jurors to re-read their instructions." He reasoned that, " any kind of answer or change in instruction might direct the jury to answer affirmatively or negatively how to find premeditation. " (T.1493).

Counsel for the state addressed the court and stated, "...or another to the third element on page 19 regarding elements, merely conforms these instructions per the statute." (T.1493).

The court then states that it would, "...read jury instructions 11-01, which is the statutory definition of first degree murder with premeditation-intent. Then read the entirety of jury instruction guide 11-02, which is exactly as was given to the Jury, except for this:...The only words I'm changing is to add " or another " after the name Jerome Haaf." (T.1494).

The trial court then had the jury brought in and the court proceeded to read the instructions to the jury as stated above. (T.1494-97).

On October 23, 1993 the jury returned the verdict finding petitioner guilty of murder in the first degree, and not guilty of attempted first degree murder and premeditated first degree murder.

### II. THE TRIAL COURT PREJUDICIALLY ERRED IN RESPONDING TO QUESTIONS BY THE JURY DURING IT'S DELIBERATIONS WITHOUT NOTIFYING THE PETITIONER, THE ATTORNEYS AND WITHOUT MAKING A CONTEMPORANEOUS RECORD.

A. Introduction.

A problem of trial practice in Minnesota that arises more frequently than it should as the result of the appeals courts reluctance to send a strong message to the trial courts that such practices will not be tolerated, is communications between the court and the jury during deliberations in the absence of the accused and not infrequently, as in this case his counsel and without a contemporaneous record. (1) Add Footnote

The Confrontation Clause of the Sixth Amendment to the United States Constitution which is applicable to the states through the Fourteenth Amendment guarantees criminal defendants the right to be present at all stages of trial where his absence **might** frustrate the fairness of the proceedings. Faretta v. California, 422 U.S. 806,819. (1975).

In addition, the Due Process Clause protects a defendants right to be present in some situations even when neither witnesses or evidence is presented against the defendant. United States v. Gagnon, 470 U.S. 522, 526, (1985).

Correspondingly, Minn. R. Crim. P. §26.03 Sudv. ¶(1), gives the defendant the right to be present at all stages of trial. (3)

The right to be present under this rule is broader than those rights guaranteed by either the Sixth or Fourteenth Amendments. State v. Ware, 498 N.W. 2d 454,457 Minn. 1993).

The rule specifically states that the "...defendant shall be present at... every stage of trial..."

In the case of communications with the court and the Jury after deliberations have begun Minn. R. Crim. P. §26.03 Subdv.19(2),(3), requires that communications between the court and jury after deliberations have begun " should be in open court in the defendants presence." State v. Sessions 621 N.W.2d 751,755-56 (Minn.2001).

The rule specifically states : The Jury " **shall** be conducted to the courtroom" upon it's request to hear evidence or be informed of any point of law. These provisions are mandatory and " does not depend on the form or the substance of the courts response. State v. Sessions 621 N.W.2d at 756.

The Supreme court has cautioned district courts that a contemporaneous record **must** be made at each stage of trial with an emphasis on communications between the court and the jury during deliberations. Sessions, 621 N.W.2d at 756. (4)

B. Analysis.

That such communications are entirely improper is settled. The leading case Shields v. United States, 273 U.S. 583 (1927) contained facts similar to those of the case here. In **Shields** counsel for the government and for the defendants had joined in a request to the court that the jury be held in deliberation until they should agree upon a verdict. Later in the deliberations the Jury sent a note to the judge advising him of their

verdict with regard to some defendants and their inability to agree about the other defendants. The judge sent back a note in response telling the jury they would also have to find these other defendants guilty or not guilty.

These notes were sent and received in the absence of Shields and his counsel, and they were not informed about the notes, although the notes were preserved and made a matter of record.

After the court of appeals had affirmed Shields conviction, the Solicitor General advised the Supreme Court that " the government is unable to find any satisfactory ground for opposing the Petition for Writ Of Certiorari." Shield, 273 U.S. at 587.

A unanimous court, reversed. It was enough for a reversal in the courts view, that the trial court had communicated with the jurors in the absence of the defendant.

Despite this clear rule against such private communications between court and jury, over 75 years ago, they continue to persist. the vital question here is under what circumstances they require that a conviction be set aside?

## C. Standard of review.

### 1. Automatic reversal

Some states adopted the rule, even for civil cases, that a communication between court and jury of which counsel is unaware requires reversal without more. **Kersy Mfg. Co. v. Rozic, 222 A.2d 713 (1966)**. It held that because prejudice is always possible from such communications though the existence of prejudice cannot be demonstrated.

Traditionally even the Minnesota courts have held that a " defendant's absence from the critical stages of his trial merits automatic reversal."

5. The Mattox Rule

a. Unless harmlessness is made to appear

In any event the rule there announced is consistent with the majority view on the consequences of communications between court and jury. the Supreme Court long ago said that they " invalidate the verdict, at least unless their harmlessness is made to appear." Mattox v. U.S. 146 U.S. 140, 150 (1892).

An infusion of these two rules have been adopted by the State of Minnesota courts and the 8th circuit. **Rice v. U.S. 356 F.2d 709 (8th Cir. 1966)** " error of court in sending oral answer to jury outside of presence of defendants and their counsel required reversal, where there was no affirmative showing of lack of prejudice."

" The test to determine if the communication was prejudicial is whether or not the error affected the result; if it did not, it is not reversible error." **State v. Kelly, 517 N.W.2d 905 (Minn.1994).**

D. Potential Prejudice to Petitioner.

1. Notes 1-3.

Notes one and two sent by the jury requested clarification of the law and to see evidence pertaining to the first degree murder charge in count II, the only count petitioner was found guilty of. In note two specifically the jury wanted to review the statements of witnesses who testified with regards to that count of the indictment. Petitioner or counsel was never

informed about the existence of these notes. The court held no hearing relative to these notes, and there was no contemporaneous record made of a response to these two notes.

Conversely, when the court received note three it held a hearing, informed counsel and petitioner of the contents of the note, allowed counsel an opportunity to be heard, brought the jury into open court and responded to the note in detail with counsel and petitioner present on the record.

Note three requested information relating to premeditated murder one of the counts petitioner was found not guilty of. It is apparent by the courts actions with regards to this third note that it was fully aware of the laws, rules and procedures that the court is required to adhere to when it receives a written question in the form of a note from a jury during deliberations.

Why the court in this case failed to follow those procedures when it received the first two notes or what if any response was made to the jury relative to those notes we may never know, but based on the fact that this jury found petitioner not guilty of the counts in which the court did follow the procedures and provided a proper response it's reasonable to conclude that had petitioner been afforded his rights under the law with regards to those first two notes this jury may have found him not guilty of that count as well..

E. Matter Of Record Exact Contents Unknown.

If the communication is part of the record and it's substance is proper, then it can be said affirmatively that the error was harmless. Rogers v. United States, 422 U.S. 35,40 (1975): State v. Kelly 517 N.W.2d 905,908

(Minn. 1994).

But if the court makes no contemporaneous record and it is impossible to be sure exactly what was said to the jury, either because the message was delivered orally through a third person or for some other reason the communication is not part of the record, reversal must follow.

Wheaton v. U.S. C.C.A.8th, 1934 133 F.2d 522,527. The government having admitted that a communication between the bailiff and the jury had taken place had the burden of establishing that the communication was in fact harmless. The affidavit of the bailiff was not competent proof that the communication was harmless, and was not a sufficient basis for the determination of the trial court that no prejudice had resulted."

State v. Shifsky, 243 N.W. 533,545 (Minn. 1955). " Although where the record is silent as to the possibility of harm, a presumption generally favors the defendant and a new trial is granted. "

The United States Supreme Court held that a conviction could not be affirmed where, " we do not know from this record, nor does the petitioner know what actually transpired, or whether the incidents that may have occurred were harmful or harmless." Remmer v. U.S., 347 U.S. 227,229 (1954).

9.

CONCLUSION.

In this case the record is silent as to what transpired relative to the jury's requests in notes one and two and petitioner nor counsel was ever made aware that the notes even existed. Therefore petitioner or counsel does not know what actually transpired or whether the responses to the notes or lack thereof, which ever the case may be, were harmful or harmless.

It however was error for the trial court to receive these communications from the jury or either respond or not respond without notice to petitioner, or counsel for petitioner and/or outside of their presence especially given the substance of these communications. And because the court made no record it is impossible to determine whether the error affected the result and was harmless beyond a reasonable doubt.

In such a situation the law is clear in this country, this circuit, this state, "...if for some reason the communication is not part of the record, **reversal must** follow."

Thus Petitioners convictions should be vacated and remanded for a new trial.