00CV2350 PAM|JMM

MOTION AND AFFIDAVIT NOVEMBER 8, 1993 EXHIBIT M.

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

M

E. M.

MICHAEL MCGLENNEN

LAWYER 425 SOUTH 3RD STREET, MINNEAPOLIS, MN 55415
(612) 333-9999
FACSIMILE (612) 333-8388

November 8, 1993

Honorable Robert Lynn
District Court Judge
C-604 Government Center
300 S. 6th Street
Minneapolis, MN 55487

RE: State of Minnesota v. Mwati Pepi McKenzie
Case No. 92095956

Dear Judge Lynn:

Enclosed please find a motion for new trial this date filed with the clerk of court along with a supporting affidavit. A copy of this motion and affidavit has been served upon Mr. Streitz and Mr. Widseth for the State of Minnesota by hand delivery.

Very truly yours,

Michael McGlennen
Attorney at Law

MM:mkc

APP. 8

EXHIBIT 2

92095956
C897174

FILED
93 NOV 26 AM 8:10
BY DEPUTY
HENN CO DISTRICT
COURT ADMINISTRATOR

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

STATE OF MINNESOTA,

Plaintiff,

**MOTION FOR NEW TRIAL PURSUANT TO RULE 26.04**

vs.

AMWATI PEPI MCKENZIE,

Defendant.

SIP#92095956

TO: ROBERT LYNN, DISTRICT COURT JUDGE, ROBERT STREITZ AND GEORGE WIDSETH, ASSISTANT COUNTY ATTORNEYS.

**MOTION**

The defendant through the undersigned his counsel hereby moves the Court for a new trial based upon errors of law occurring at the trial, namely, that the instruction to the jury allowed the jury to speculate as to the guilt of the defendant and did not properly limit their authority and upon the ground that the finding of guilty is not justified by the evidence.

This motion is based upon the attached affidavit and all of the proceedings occuring at the trial.

Dated: Nov 8, 1993

Respectfully submitted,

[signature]

Michael McGlennen
Attorney I.D.#70439
425 Third Street South
Minneapolis, MN 55415
(612) 333-9999

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

STATE OF MINNESOTA,

Plaintiff,

vs.

MWATI PEPI MCKENZIE,

Defendant.

**AFFIDAVIT IN SUPPORT OF NEW TRIAL MOTION**

Sip#92095956

Your affiant having duly sworn upon oath deposes and says that he is counsel for the above-named defendant and in that capacity makes this affidavit in support of the defendant's motion for new trial. Prior to the close of the trial your affiant delivered to the Court a series of proposed jury instructions in opposition to the requested "Parker" instruction offered by the State of Minnesota. The defendant's requests included instructions from Blackmar and Devitt which are standard federal instructions clearly delineating between accessories before the fact and accessories after the fact. They make clear what actions of the defendant constitute a conspiracy. They also clearly define withdrawal and when it is necessary, and what evidence is necessary to prove one has become a purposeful member of a conspiracy; the requests were aligned with our "Meany" motion. These submissions were made in advance of the close of the evidence. Further, objection was made to the proposed "Parker" instruction based on State v. Ulvinen, and other law.

After the close of evidence an instruction conference was held in the Court's chambers and your affiant believes that was

not placed of record. Your affiant makes this affidavit, in part, to set out the discussion there had and to preserve the objections then made.

Your affiant was advised by the Court that the Court proposed to give the "Parker" instruction and had the instruction prepared. Your affiant objected and was overruled; then further discussion was had modifying the "Parker" instruction. The "Parker" instruction, among other things, improperly allows the jury to consider the defendant's post crime activity alone in determining his guilt in the first instance. This instruction permits the jury to make him guilty as a principle for being an accessory after the fact and is contrary to law. Although your affiant expressed no dissatisfaction with the final submission we do make clear here by this affidavit that we objected to it ab initio and did request a proper instruction.

As the Court is aware the entire case was tried upon the proposition that Mwati Pepi McKenzie was one of the shooters. That is clear from the court's initial recitation of the summary of the case prepared by the government. It is clear from the government's opening and closing statements and offers at trial. It is also apparent from the jury's early questions that they concluded that he was not one of the shooters or, at the very least, there was sufficient reasonable doubt to acquit him as being the principle, leaving the question as to whether he was an aider or abetter. They concluded that he must have had something to do with it and found him guilty. It is your affiant's belief that this verdict was brought on by the extraordinary publicity

surrounding the case, the manner in which it was tried, gratuitous applications to emotion being offered over objection at trial, and by the jury remaining anonymous against defendant's wish, and finally not one juror from the community where the crime was committed was allowed to sit nor searched out from the community. All of these magnified the impropriety of the Court's final instruction and produced a verdict not justified by the evidence and contrary to law.

FURTHER YOUR AFFIANT SAYETH NAUGHT except that this affidavit is made in support of the defendant's motion for new trial.

Dated: Nov 8, 93 ______ [signature]
MICHAEL MCGLENNEN

Subscribed and sworn to before me
this 8th day of November, 1993.
[signature]
NOTARY PUBLIC

MARCYNE K. CHALUPNIK
NOTARY PUBLIC - MINNESOTA
ANOKA COUNTY
My Commission Expires Mar. 19, 1996