00cv2350 PAM/JMM

COURT ORDER AND CONCLUSIONS OF LAW EXHIBIT O.

SCANNED
JUL 2 9 2005
DG
U.S. DISTRICT COURT ST. PAUL

O

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

FILED
04 FEB 18 PM 2:23
BY DEPUTY
HENN. CO. DISTRICT COURT ADMINISTRATOR

Mwati P. Mckenzie,

Court File No. 92095956

Petitioner,

vs.

State of Minnesota,

Respondant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

The above-captioned case came on for hearing before the undersigned Judge on Petitioner's Motion for a New Trial on December 3, 2003 and December 16, 2003 at the Public Safety Facility in Minneapolis, MN. Robert Streitz, Esq., appeared on behalf of Respondant State of Minnesota. Mwati P. Mckenzie appeared pro se. Based on the testimony and evidence produced at the hearings, this Court makes the following:

## FINDINGS OF FACT

1. In October 1993, a jury convicted Mwati P. Mckenzie[1] ("Mckenzie") of first-degree murder in connection with the shooting of Minneapolis Police Officer Jerry Haaf ("Haaf") at the Pizza Shack Restaurant in South Minneapolis.

2. At the time of trial, Mckenzie was represented by two attorneys, Michael H. McGlennen ("McGlennen") and Arthur Martinez ("Martinez").

[1] The Supreme Court has determined that earlier Court references to Mckenzie, at the District Court, Court of Appeals, and Supreme Court levels have spelled Mckenzie's name as "McKenzie," with a capital "K" but that the correct spelling is "Mckenzie," with a lower-case "k."

3. Mckenzie appealed his conviction, and the Supreme Court upheld the conviction. See State v. McKenzie, 532 N.W. 2d 210 (Minn. 1995).

4. Mckenzie filed post-conviction motions for a new trial in 1997 and again in 1999. Both of those motions were denied.

5. In August, 2002, Mckenzie petitioned the District Court for a hearing on a motion to reverse his conviction claiming that two notes containing requests by the jury were given by the jury to Judge Robert Lynn ("Lynn" or "the Judge"), who presided over the trial, and that neither Mckenzie nor his counsel were aware of these notes and were unaware of any response until February 26, 2003.

6. He claimed, that the District Court denied him a fair trial by violating his right to be present at a stage of his trial when the court either did not respond to these two notes from the jury or responded to the notes without Mckenzie or his counsel being notified. The District Court denied the motion indicating Mckenzie had failed to meet his burden.

7. Mckenzie appealed to the Supreme Court. The Supreme Court remanded the matter back to the District Court with instructions to hold an evidentiary hearing and issue Findings of Fact and Conclusions of Law with respect to the District Court's handling of the notes as well as when Mckenzie and / or his counsel first knew of or should have known about the issues raised by the handling of those two notes.

8. The trial record indicates that on October 19, 2003 at 5:05 p.m., the jury in the Mckenzie trial commenced deliberation. They retired at 9:10 p.m. On October 20, at 9:00 a.m., the jury reconvened. At 2:00 p.m., they requested and were given individual copies of the jury instructions ("JIGs").[2]

9. On October 20, 1993, at 2:25 p.m., Judge Lynn received a note from the jury (marked at the hearing as Exhibit 2, "the first note") stating, "Judge Lynn, We would like some

[2] Judge Lynn's minute book says, "2:00 Jury requested individual copies of instructions—complied & notified counsel—

clarifacation [sic] on some of the bylaws if possible – Pretaining [sic] to First degree Murder Charge – Aiding & Abeting [sic] Forman [sic] Juror #8." That note has written on the bottom, "Received 10/20/93 @ 2:25 p.m." and is date-stamped October 26, 1993, three days after the jury returned its conviction.

10. Judge Lynn testified that in response to this note, he contacted McGlennen, counsel for Mckenzie and Assistant Hennepin County Attorney Robert J. Streitz ("Streitz") by telephone. Judge Lynn maintains that counsel for the state and for defense agreed with Judge Lynn that Judge Lynn should tell the jury that the jury already had instructions on the issue about which they asked, and that no further instruction would be provided.[3]

11. Both of Mckenzie's counsel testified that they do not now have any recollection of discussing this note with Judge Lynn. McGlennen says that he was out of town at the time the jury passed the note to Judge Lynn. Martinez and McGlennen agree that among them, McGlennen would have been the more likely attorney to be involved in discussions regarding jury questions concerning the jury instructions ("JIGs") as McGlennen was the attorney responsible for the JIGs given the particular way the two attorneys divided up their work in representing Mckenzie. McGlennen does not deny that he could have been reached by phone.

12. The next day, on October 21, 1993, at 9:15 a.m., Judge Lynn received a second note (marked at the December 3, 2003 hearing as Exhibit 3) from the jury. The second note read, "Judge Lynn, Would it be possible to get the original police statements of Loverine Harris[,] Richard[,] and Olivia Gregory[?] The Jury[.] Forman [sic] #8." That note has written on the bottom, "Received 10/21/93 @ 9:15 a.m." and is date-stamped October 26, 1993.

13. Judge Lynn testified that his records reflect his belief that he spoke to counsel for the state and for the defense. It was his recollection that counsel agreed that he should tell the jurors

[3] Judge Lynn's minute book says, "Phoned McGlennen—he wants me to just to say they have the law—phoned Streitz—OK— 2:40 Answer: you have the instructions on the issue.

that they would receive no additional evidence. Judge Lynn told the jury that no additional evidence would be provided to them.[4] McGlennen and Martinez deny any recollection of discussing this note with Judge Lynn or with Strietz.

14. Both McGlennen and Martinez, as well as Judge Lynn, agree that it would have been improper to provide the police statements to the jury as these statements were not admitted into evidence during the trial.

15. On October 21, 1993, at 1:55, the jury again had a question. This time the question was regarding the elements of Murder I—Premeditation. That note was marked as Exhibit 6. That note has written on the bottom, "Received 10/21/93 @ 1:55" and is date-stamped October 26, 1993. Judge Lynn's record indicates this question was answered in open court with counsel and defendant present. A transcript of that proceeding was marked as Exhibit 7.

16. There were no further questions, and on October 23, 1993, the jury convicted Mckenzie of first degree murder.

17. On November 26, 1993, McGlennen filed a "Motion for a New Trial" (the "Motion") on Mckenzie's behalf. The Motion was accompanied by a supporting affidavit signed by McGlennen, dated November 8, 1993, roughly two weeks after Mckenzie's conviction.

18. The affidavit in support of McGlennen's Motion on behalf of Mckenzie refers to "the jury's early questions" regarding whether Mckenzie could have been "an aider or abetter." Judge Lynn received three questions during jury deliberation. The only question Judge Lynn received from the jury regarding "an aider or abetter" was the question received on October 20 at 2:25 p.m. referred to as the first note and marked as Exhibit 2.

19. While neither Martinez nor McGlennen now recalls being aware of the jury's notes, Exhibit 2 and Exhibit 3, to Judge Lynn until the filing of the instant Motion for a New Trial, the testimony provided by Judge Lynn, the exhibits of the Judge's minute book, and McGlennen's

[4] Judge Lynn's minute book says, "Talked to counsel[.] Answer—No add'l evidence."

motion for a new trial and affidavit referring to the jury questions, support the conclusion that Judge Lynn did consult with either McGlennen or Martinez, in addition to Strietz, prior to answering jury question one and jury question two.

20. Judge Lynn did not issue any new instructions in response to the questions. The answers given did not favor the prosecution or defense.

21. Mckenzie not was present in the courtroom when Judge Lynn informed the jury of the answers he and the attorneys agreed to in response to notes one and two.

## CONCLUSIONS OF LAW

1. The Sixth Amendment of the U.S. Constitution guarantees a criminal defendant's right, "to be confronted with the witnesses against him." U. S. Const. amend. VI. Both the U.S. and the Minnesota Supreme Courts have held that this "Confrontation Clause" gives a criminal defendant the right to be present at every stage of trial. See Lewis v. United States, 146 U.S. 370, 374 (1892); State of Minnesota v. Sessions, 621 N.W. 2d 751, 755 (Minn. 2001). Jury deliberations is a stage of trial. Id. citing State v. Hudspeth, 535 N.W. 2d 292, 295 (Minn. 1995).

2. The Minnesota Rules of Criminal Procedure require that "[t]he defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules." Minn. R. Crim. P. 26.03, subd. 1.

3. The Minnesota Rules of Criminal Procedure further hold, "[i]f the jury, after retiring for deliberation, desires to be informed on any point of law, the jurors, after notice to the prosecutor and defense counsel, shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless: (a) the jury may be adequately informed by directing their attention to some portion of the original instructions; (b)

the request concerns matters not in evidence or questions which do not pertain to the law of the case; or (c) the request would call upon the judge to express an opinion upon factual matters that the jury should determine." Minn. R. Crim. P. 26.03, subd. 19(3)1.

4. Sessions, which was decided eight years after Mckenzie's 1993 conviction, specifically holds that a criminal defendant has a right to be present when a judge answers a jury's questions. State of Minnesota v. Sessions, 621 N.W. 2d at 755-756. The Sessions Court, however, also held that, "[e]ven if a defendant is wrongly denied the right to be present at every stage of trial, a new trial is warranted only if the error was not harmless." State of Minnesota v. Sessions, 621 N.W. 2d at 756.

5. If the verdict is not attributable to the error of failing to have the defendant present, the error is harmless and defendant is not entitled to a new trial.

6. Mckenzie's rights, as codified in the United States Constitution, Minnesota caselaw, and the Minnesota Rules of Criminal Procedure, were respected by Judge Lynn's handling of the first and second jury notes as counsel for both sides consulted with Judge Lynn regarding answering the jury's questions. U. S. Const. amend.VI; State of Minnesota v. Sessions, 621 N.W. 2d at 755; State v. Hudspeth, 535 N.W. 2d at 295; Minn. R. Crim. P. 26.03, subd. 19(3)1.

There's nothing in the record he told the jury anything.

7. Mckenzie was not present in the courtroom when Judge Lynn told the jury the answers he and counsel agreed upon. Counsel did not request that Mckenzie be present when the answers were given. Even if it were error to answer these questions without either counsel's or Mckenzie's presence in court, such error would be harmless, since responses given to the notes did not result in any information being given to the jury. Harmless error does not give Mckenzie a right to a new trial. State of Minnesota v. Sessions, 621 N.W. 2d at 756.

8. Mckenzie's counsel knew of the questions on the date they were made. Mckenzie, himself, should have known no later than the date of bringing the motion for a new trial.

**ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion for a New Trial is hereby **DENIED**.

Dated: 2/17/04

Diana S. Eagon
Diana S. Eagon
Judge of District Court