RECEIVED
BY MAIL
JUL 2 9 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRITC OF MINNESOTA

Mwati P. Mckenzie
Petitioner,

v.

Dan Ferrise, Warden, et al,.
Respondent.

MOTION FOR EVIDENTIARY HEARING.

**Jurisdiction.**

This court has jurisdiction pursuant to Fed. R. Civ. Proc. § 2255 4 (2) (A)

SCANNED
JUL 2 9 2005 DG
U.S. DISTRICT COURT ST. PAUL

RECEIVED
BY MAIL
JUL 29 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Civil File No. 00-2350

Mwati Mckenzie,
Petitioner.

v.

Dan Ferrise, Warden, et al.
Respondent.

MOTION FOR EVIDENTIARY HEARING PURSUANT TO Fed. R. Civ. Proc. § 2254 (2) (A) (ii), (B).

Comes now the aboved named petitioner and hereby submits this motion and moves this court pursuant to **Williams v. Taylor,** 120 S.Ct. 1497; 28 U.S.C. § 2254 (2) (A) (ii), (B) and an order remanding petitioners cause to the district court for an evidentiary hearing, in support of this motion petitioner offers the following evidence.

1. On/or about December 3, 2003, the Hennepin County District Court held two evidentiary hearings (December 16, 2003.).
2. During the hearings petitioner failed to artfully develop the factual basis of his claims by virtue of;

**A. Appointment of Counsel;**

1. The distritc court denying petitioners motion for appointment of counsel who could have investigated and articulated petitioners claims due to the leagl complexities of the case, perjured testimony, fraudulent evidence,

and petitioner lack of legal knowledge and not being able to effectively cross examine witnesses denied petitioner the entitlement of properly establishing the legal principles of the cumlative constitutional errors. Petitioner submitted a motion to the district court with respect to this issue in which it was denied. **Exhibit A.** Thus, petitioner requests that this court order an evidentiary hearing with counsel pursuant to 28 U.S.C. § 2251 (a) (b) in that it would be helpful in giving this court a guiding light as to what actually transpired with the notes and/or expand petitioners claims in his § 2244 motion.

**B. <u>Subponeas.u</u>**

Petitioner filed a motion for the court to serve subponeas on certain witnesses whom could have buttressed petitioners allegations of the trial court arbitrarily suppressing the notes, due to the petitioners witnesses being either court personnel who sent petitioner the notes, appellate counsel, and other witnesse who could have varified that the trial judge may have personally communicated with jurors during deliberations, and testified that waiving petitioners right to be present and communicating with jurors during deliberations with respect to the cases was a common practice of Judge Lynn's. **Exhibits B and C.**

**C. <u>Removal of States Agents.</u>**

Petitioner filed a motion to remove/recuse states agent Robert Streitz due to his being a material witness to the events surrounding the notes, the motion was like wise denied and the evidentiary hearing continued. **Exhibit D.**

**D. <u>District Court Records.</u>**

Petitioner filed a motion for the court to subponea the district court records /files pertaining to case File No. 92095956 in that the records were relevant and could produce more evidence that would support petitioners claims under newly discovered evidence and afford petitioner a full and fair appellate rebview of his claims. **Exhibit E.**

**WHEREFORE,** petitioner requests/moves this court to grant an evidentiary hearing with counsel so petitioner can proiperly develop his claims of newly discovered evidence through testimony from petitioners witnesses, and other tangible evidence that may be introduced in support of petioners claims so a full, explicit, and proper §2244 motion can be filed.

Respectfully submitted,

7-27-05

Mwati Mckenzie
155221
MCF-Stillwater
970 Pickett Street. North
Bayport, MN 55003

RECEIVED
BY MAIL

JUL 2 9 2005

CLERK, US DIST. COURT
ST. PAUL, MN

STATE OF MINNESOTA | DISTRICT COURT

RECEIVED
BY MAIL
JUL 29 2005
CLERK, US DIST. COURT
ST. PAUL, MN

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Mwati Pepi Mckenzie,

Petitioner

D.C. File No. 92095956

v.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL.**

State of Minnesota,

Respondent.

**I. Discussion**

A Person financially unable to obtain counsel who desires to file a petition for post-conviction review is entitled to be represented by the state public defender if the person has not already has a direct appeal Minn. Stat. § 590.05.

The right to counsel on appeal of post-conviction proceedings is not however, mandated by the United States Constitution.

**Pennsylvania v. Finley, 107 S.Ct. 1990 (1987).** Although, the court still retains discretionary authority to request counsel's representation if certain facts warrant such appointment **Mallard v. U.S District Court of Iowa, 109 S.Ct. 1814; Scott v. Tyson Foods Inc., 943 F.2d 17 (8th Cir. 1991).**

## II. Analysis

Such facts includes the factual and legal complexities of the case, the capability of the petitioner to present his claims.

1. The petitioner is indigent with no legal training, a factor in supporting conflict counsel appointment. Undoubtedly, the petitioners lack of legal knowledge and lack of not being able to take deposition(s), subpoena witnesses, effectively cross examine and cross examine witnesses will present a disadvantage, in terms of requisite time and effort that's attendant to the presentation of a case, of this magnitude **Rayes v. Johnson, 969 F.2d 700, 704 (8th Cir.)** The appointment of counsel provides the unlettered petitioner with an opportunity to obtain representation equally qualified with that of professional counsel usually provided for by the state to explain applicable legal principles and limit litigation to potentionally meritious issues. Among other factors to consider in determining whether to appoint counsel is whether petitioner and the court would benefit

2. The petitioners allegations of Judge Lynn failing to hold a hearing regarding the jury notes and failing to make a contemporaneous record of any of his actions relative to the notes violated the petitioners Sixth Amendment right. **Snyder v. Massachusetts, 291 U.S. 97, 103-106 (1934).** On its face, there are meritious issues present to this court that requires the skillful representation of legal counsel.

## II. Standard for Counsel.

Upon filing for post-conviction relief under Minn. Stat. § 590.01, the state public defenders office denied the petitioners request for appointment of counsel citing Minn. Stat. § 590.05 which states in part:

A person financially unable to obtain counsel who desires to pursue the remedy provided in section 590.01 may apply for representation by the state public defender... if the person has not already had a direct appeal of the conviction..."

The petitioner requests the district court to appoint counsel due to his financial hardship and the lacking of legal training or the legal qualifications with that of professional counsel. The post-conviction remedy statue states:

A person unable to obtain counsel who desires to pursue the remedy...is entitled to be represented by the state public defender, the state public defender shall be appointed to represent such person pursuant to applicable provisions of Minnesota Statues... sections 611.14 to 611.29; **Harris v. State,**

**470 N.W. 2d 167 (Minn. App. 1991).** (the state public defender may represent, without charge all other persons pursuing a post-conviction remedy under section 590.01); **Minn. Stat. § 590.05.**

## IV. Applicable Provisions.

Minn. Stat. § 611.14 (B): The following persons who are financially unable to obtain counsel shall be entitled to be represented by a public defender:

(b) A person appealing from a conviction of a felony or gross misdemeanor, or a person convicted of a felony or gross misdemeanor who is pursuing a post-conviction proceeding after the time for appeal from the judgement has expired

Minn. Stat. § 611.25 (b):

An appointment of the public defender may be directed by the district court judge and is automatic in all cases where application by defendant is made; Minn. Stat. § 611.25; Minn. R. Crim. P. 28.02 Subd. (5); **State v. Seifert, N.W. 2d 368 (Minn. 1988).**

Minn. Stat. § 611.25 Subd 1 (a),(b) states:

Subdivision 1 (a) the state public defender shall represent without charge:

(b): The state public defender may represent, without charge, all other persons pursuing a post-conviction remedy under section 590.01 who are financially unable to obtain counsel.

In this instant case the petitioner meets the required criteria set forth by Minn. Stat. § 611.14; Minn. Stat. § 611.25; Minn. Stat. § 590.01; Minn. Stat. § 590.05.

IV. <u>Request for Appointment of Counsel.</u>

Minn. Stat. 611.16 states:

"Any person described in section 611.14 or any person entitled by law to representation by counsel, may at any time request the court in which the matter is pending, or the court in which the conviction occured, to appoint a public defender to represent the person.

In the petitioners pro se post-conviction petition he requested that the district court appoint conflicts counsel due to a financial hardship (see post-conviction petition page 3 line 4) petitioner now requests this in the form of a Memorandum of Law; due to the Minnesota state public defender rejecting the pro se post-conviction papers sent to their office by the district court administrator, the petitioner requests that this court authorize the state public defender to appoint conflicts counsel in this matter pursuant to Minn. Stat. § 611.18 (b) (c) which states:

"the district public defender for any other reason in unable to act, or (c) the interest of justice require, the state public defender may be ordered to represent a person."

The factors to guide the district court when it evaluates

whether a petitioner needs court appointed counsel include factual and legal complexity of the case, and petitioners both to investigate and articulate his claims without court appointed counsel; **Mcall v. Benson, 114 F.3d 754 (8th Cir. 1997); Brown v. Groose, 66 F.3d 997 (8th Cir. 1995).**

On its face the petitioners pro se post-conviction petition has meritious issues that the state Supreme Court has already recognized the meritious issues of the petition thus, this court must grant the petitioner counsel to effectively articulate, investigate, subponea, and cross examine witnesses, which require the skillful representation of conflicts counsel.

The aforementioned reasons incorporated within the memorandum respectfully moves this court to grant petitioners motion and memorandum of law to appoint conflicts counsel in this post-conviction hearing.

Respectfully submitted

Date Nov 6, 2003.

Mwati Pepi Mckenzie
155221
MCF-STW
970 Pickett Street North
Stillwater, MN 55003.

SUBPONEAS EXHIBIT B.

RECEIVED
BY MAIL

JUL 29 2005

CLERK, US DIST. COURT
ST. PAUL, MN

RECEIVED
BY MAIL
JUL 29 2005
CLERK, US DIST. COURT
ST. PAUL, MN

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

Mwati Pepi Mckenzie, D.C./Account Number 92095956

Appellant.

v. **MOTION FOR COURT TO SERVE SUBPONEAS.**

State of Minnesota.

Respondent.

Mwati Pepi Mckenzie petitions this court to subpoena the following person(s) pursuant to Minn. R. Crim. P. 22.01 subd 3. which states:

"A subpoena shall not be issued at the request of a defendant not represented by counsel without an order of the court authorizing its issuance. The defendants request to the court to the court may be oral and the courts order may be either oral, if noted in the courts record, or written

On or about October 27, 2003, the Minnesota state supreme court stayed the petitioners appeal and remanded it to the district court to hold an evidentry hearing on the issues raised by the appellant. Since at this time the petitioner is not represented by counsel he requests that this court issue

App. R.

subpoenas to the witnesses needed to prove his claim(s).

The general rule is, the burden of the facts alleged in the petition to establish the facts by a fair preponderance of the evidence. **State v. Rhodes, 627 N.W. 2d 74.** In order for the petitioner to establish and prove the facts by a fair preponderance of the evidence this court **must** issue subpoenas and secure witnesses pursuant to Minn. Stat. 590.04 Subd 3, Minn. R. Crim. P. 22.04, Minn. R. Crim. P. 22.01 subd 3, and **Gallagher v. State, 176 N.W. 2d 618 (1970).**

Since it has been repeatedly held that the petitioner bears the burden of establishing by a fair preponderance of the evidence facts which would warrant a reopening of his case, thus the court **must** issue subpoenas the following witnesses at the following addresses

Jordan S. Kushner
Attorney at Law
Sexton Building, Suite 636
529 South 7th Street
Minneapolis, MN 55415

Micheal McGlennen
Attorney at Law
425 S. 3rd St.
Minneapolis, MN 55415

Robin Magee
Faculty Office
1536 Hewitt Avenue
St. Paul, MN 55104

Aurther Martinez
Attorney at Law
310 4th Ave. South
Minneapolis, MN 55415

Robert Lynn
Hennepin County Government Center
1251 Court Tower
300 South Sixth Street
Minneapolis, MN 55487

Micheal Cromett
2829 University Ave. Southeast
Minneapolis, MN 55414

Patty Gilvin
Hennepin County Government Center
1251 Court Tower
300 South Sixth Street
Minneapolis, MN 55487

Mark Thompson
Court Administrator
1251 Court Tower
300 South Sixth Street
Minneapolis, MN 55487

Keith Ellison
State Legislature/Attorney at Law
175 State Office Building
St. Paul, MN 55155

Juror #8

SENT NOV. 6. 2003

OTHER EVIDENCE EXHIBIT C.

RECEIVED
BY MAIL

JUL 29 2005

CLERK, US DIST. COURT
ST. PAUL, MN

LAW OFFICE OF

JORDAN S. KUSHNER

TELEPHONE: (612) 288-0545
FACSIMILE: (612) 288-0546

SEXTON BUILDING – SUITE 636
529 SOUTH 7TH STREET
MINNEAPOLIS, MINNESOTA 55415

August 1, 2002

Mr. Adl El-Shabazz
#172123
970 Pickett Street North
Bayport, MN 55002-1490

Dear AC:

In response to your letter which I received today, I recall that the jury had one question approximately an hour before reaching its verdict on your case. I cannot recall the exact wording of the question, but it related to what sort of intent was needed for the attempted murder charge. Judge Lynn, who was filling in for Hedlund who had left for vacation, informed us that he would send a note back to the jury that the answer to its question was in the jury's instructions. The attorneys on both side had agreed to this response.

I am not sure whether or how this information is documented, but the place to check would be the court's file.

Sincerely,

Jordan S. Kushner

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Case No. 92-095955

State of Minnesota,

Plaintiff,

vs.

A.C. Ford, Jr.
(n/k/a Adl El-Shabazz),

Defendant.

**AFFIDAVIT OF JORDAN S. KUSHNER**

Your Affiant, Jordan S. Kushner, being duly sworn deposes and states:

1. That I was previously one of the attorneys of record for A.C. Ford, Jr. (n/k/a Adl El-Shabazz) during the trial of the above-captioned matter. This Affidavit is being submitted at the request of Mr. El-Shabazz in connection with his post-conviction proceedings.

2. That prior to the jury reaching its guilty verdicts in this case, I received a phone call at my office from Judge Robert Lynn. Judge Lynn was filling in for Judge Deborah Hedlund who was apparently unavailable. Judge Lynn arranged a phone conference among the prosecutors and defense counsel to discuss a question from the jury regarding the elements of one of the charges. All attorneys of record participated in the phone conference. The Defendant was not present and did not participate, and was not invited to be present or

otherwise participate. At the end of the phone conference, Judge Lynn announced that he would send a response note to the jury stating that the answer to its question was in the jury instructions.

THAT FURTHER YOUR AFFIANT SAYETH NOT.

Jordan S. Kushner

Subscribed to and sworn to before me this 3rd day of November, 2003.

Notary Public

BRUCE D. NESTOR
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2007

REMOVAL OF STATES AGENT EXHIBIT D.

FILED
03 NOV 14 PM 3:42
DEPUTY
HENN. CO. DISTRICT COURT ADMINISTRATOR

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

Mwati P. Mckenzie, Petitioner - Appellant

CONTROL NO. 02095956

v.

**PETITIONERS MOTION TO REMOVE STATES AGENT ROBERT J. STREITZ**

State of Minnesota,
Respondent.

Now comes the above named petitioner, and hereby moves the Chief Justice of he Fourth Judicial District to remove agent for the state Robert J. Streitz (Assistant County Attorney) from presiding, representing, or acting on behalf of the County of Hennepin in this future action pursuant to **Minn. R. Prof. Conduct. 3.8 (d), and 8.4 (a), (c), (d), (f).**

In support of this motion the petitioner states the following:

I. Mwati P. Mckenzie was convicted of first degree murder in a trial presided over by Judge Robert Lynn and prosecuted by Robert J. Streitz. After Mckenzie's conviction he then appealed several of Judge Lynn's rulings relating to:

1. The trial court erred as a Matter of Law in denying petitioners Due Process Right to a fair trial before an impartial judge by his participating in an un-recorded communication(s) with the jury during deliberations at the time of Mckenzie's trial without notifying Mckenzie.

II. On October 27, 2003, the state Supreme Court stayed and remanded Mckenzie's appeal for an evidentry hearing regarding the latter (line 1. ) **App. 1. Order from the state Supreme Court.**

III. On/or about November 4, 2003, Mckenzie received a letter from the states agent Robert J. Streitz, in which he stated "At the evidentry hearing, I will be asking to have Judge Eagon receive Judge Lynn's notes into evidence." **App. 2. Letter from Streitz.**

IV. Upon reviewing Judge Lynn's notes Mckenzie noticed that Judge Lynn, Robert Streitz, as well, as petitioners counsel were contacted by Judge Lynn during jury deliberations regarding all notes in question ( **see. App. 1. Page 2.**). It has come to the attention of Mckenzie that <u>all</u> agents for both the state and Mckenzie were contacted more than one time regarding the unanswered, unrecorded, and ignored notes sent to Judge Lynn from the jury. **App. 3. Judge Lynn's Notes.** All counsel violated **Minn. r. Crim. P. 26.03 19 (2), (3); Minn. R. Crim. P. 26.03 19 (2), (1); Fed R. Crim. P. 43 (a).**

V. In light of the evidence presented herein, Mckenzie now moves the Chief Justice to **remove** agent for the state Robert J. Streitz pursuant to **Minn. R. Prof. Conduct. 3.8 (d) and 8.4 (a), (c), (d), (f).** The interest of justice and public policy favors the removal of the states agent.

Furthermore, the interest of justice, public policy mandates that this action be **vacated,** due to all agents/counsel Representing Mckenzie at that time and/or the state **not** following the **mandated:** Common Law Rules, federal Constitutional rules, protecting Mckenzie's fundamental Rights, and essential fair trial rights pursuant to the Bill of Rights, and the Fifth and Sixth Amendment Rights of the U.S. Constitution.

It however, was **plain error** for all counsel/agents representing the state and Mckenzie receive, review, respond, or contact eachother regarding the communications from the jury without notifying Mckenzie or allowing him to be present and assert his Common Law and U.S. Constitutional Rights. This action by Judge Lynn, the agents of the state, and those representing Mckenzie at that time puts the integrity of the court in serious question, as well as puts the question of judicial collusion on the table. In such as situation, the Law is clear in this country, this circuit, and this state "...if for some reason the communication is **not** part of the record, **reversal must follow."** It will save the integrity of the court if this case is reversed because public policy or Common Law rules will not allow a defendant to stand before an impartial judge, ineffective counsel, and a prosecutor who commits prosecutorial misconduct or is malisciouly prosecuting a defendant.

**Further Affiant Saith Not.**

Respectfully submitted.

Mwati P, Mckenzie
155221 (under protest)
MCF-STW
970 Pickett Street. North
Bayport, MN 55003

DISTRICT COURT RECORDS EXHIBIT E.

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF HENNEPON FOURTH JUDICIAL DISTRICT

Mwati Mckenzie, Petitioner Case No. 92095956

v.

**MOTION TO SUBPOENA**

**SUPOENA DISTRICT COURT RECORDS.**

State of Minnesota,
Respondent.

TO; THE HONORABLE DIANA EAGON AND COUNSEL FOR THE STATE.

The herein mentioned petitioner moves this court to subponea the district court file of Judge Robert Lynn pursuant to Minn. R. Crim. P. 22.02 which states in relevant part;

> **"A subponea may also command the person to whom it is directed to produce books, papers, documents, or tangible things therein..."**

The subponea will order Judge Robert Lynn to produce any items, records, documents, instruments, books, notes, or ledger notes in the district court file pertainig **only** the communications between himself and juror #6 on/or about October 20, 1993 at 2:00 p.m. pursuant to Minn. R. Civ. P. 45.02. The documents are relevant for the petitioner to prove by a fair predonderance of the evidence that he is entitled to relief in this action. The documents requested are material evidence regarding this evidentry hearing, as well as, material evidence that will give the petitioner future fair appellate review to the State Supreme

Court so that that court can make a proper determination in adjudicating this matter and ensure the petitioners rights to asfair and just hearing. The subpeona is not oppresive or unreasonable in that it will guide this court as the trier of facts to make a proper determination and help the state present its case.