UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati McKenzie, Civ. File No. 00-2350 (PAM/JMM)

Petitioner,

v.

**MEMORANDUM AND ORDER**

James Bruton, Warden of
Oak Park Heights Correctional
Facility,

Respondent.

---

This matter is before the Court on Petitioner Mwati McKenzie's Motion for a Certificate of Appealability ("COA") and Motion for Leave to Appeal in forma pauperis ("IFP"). Petitioner seeks to appeal this Court's denial of his Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).

**A. Certificate of Appealability**

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

The Supreme Court has explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

> whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 529 U.S. at 484 (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

In this case, Petitioner would like the Court of Appeals to review this Court's denial of his Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). On October 23, 1993, Petitioner was convicted in Hennepin County District Court on two counts of first degree murder. After unsuccessful appeals and post-conviction challenges in state court, Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254 on October 20, 2000. On March 1, 2001, this Court dismissed the petition as time barred under 28 U.S.C. § 2244(d). (See Docket No. 14.) On July 29, 2005, Petitioner filed the Motion for Relief from Judgment. Because Petitioner waited over four years to seek relief under Rule 60(b), the Court denied the Motion as untimely. See Fed. R. Civ. P. 60(b) (a motion under Rule 60(b) "shall be made within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken."). Rule 60(b) is clear and poses a plain procedural bar to

Petitioner's case. Consequently, Petitioner fails to demonstrate that the issue he seeks to appeal is "debatable among reasonable jurists." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Therefore, his request for a COA is denied.

**B. IFP Application**

Petitioner also seeks to proceed IFP on appeal. A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no significant income or assets. Based on this information, the Court finds that Petitioner is financially eligible for IFP status. However, the Court concludes that the issues Petitioner seeks to raise on appeal are legally "frivolous" and that Petitioner's appeal is not taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). The Court therefore denies Petitioner's IFP

application.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Certificate of Appealability (Docket No. 27) is **DENIED**; and

2. Petitioner's Motion for Leave to Appeal IFP (Docket No. 28) is **DENIED**.

Dated: April 21, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge