UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati McKenzie,

Petitioner,

v.

James Bruton, Warden of Oak Park Heights Correctional Facility,

Respondent.

Civ. File No. 00-2350 (PAM/JMM)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on three Motions for Extensions of Time filed by Petitioner. For the reasons that follow, the Court grants the Motions.

**BACKGROUND**

On October 23, 1993, Petitioner was convicted in Hennepin County District Court on two counts of first degree murder. After unsuccessful appeals and post-conviction challenges in state court, Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254 on October 20, 2000. On March 1, 2001, this Court dismissed the petition as time barred under 28 U.S.C. § 2244(d). (See Docket No. 14.) On July 29, 2005, Petitioner filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). The Court denied the Motion as untimely. Although the Court issued the Order on November 4, 2005, the Order was not docketed until November 7, 2005. (See Docket No. 20.)

On December 19, 2005, Petitioner filed a Motion for Extension of Time and an Affidavit in Support of his Motion. (See Docket Nos. 21-22.) Petitioner explained that he

did not receive the Order denying his Motion for Relief from Judgment until December 15, 2005. He requested that the Court grant a thirty-day extension to object to the Order. On December 21, 2005, Petitioner filed a Notice of Appeal to the Eighth Circuit Court of Appeals. (See Docket No. 23.)

On January 19, 2006, Petitioner filed another Motion for Extension of Time to file a Notice of Appeal, as well as another Notice of Appeal to the Eighth Circuit. (See Docket Nos. 24-26.) Petitioner also filed an Application for Certificate of Appealability and a Motion for Leave to Appeal in forma pauperis. (See Docket Nos. 27-28.) The Court denied the Application and Motion for Leave to Appeal on April 21, 2006, but did not address the Motions for Extension of Time.

**DISCUSSION**

Federal Rule of Appellate Procedure 4 generally requires that a notice of appeal be filed with the Clerk of the United States District Court within thirty days after an order is entered. See Fed. R. App. P. 4(a)(1). However, the Court may extend the time to file a notice of appeal if a party can show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). The party must file for the extension within thirty days after the initial deadline. See Fed. R. App. P. 4(a)(5)(A)(i).

The determination of whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Accordingly, the

Court must weigh factors such as the length of delay, as well as its potential impact on the judicial proceeding and potential prejudice to the other party. Id. (citing Pioneer, 507 U.S. at 395). Most importantly, the Court must consider the reason for the delay, including whether it was within the party's control. Id.

Petitioner avers that he did not receive notice of the Order denying his Motion for Relief from Judgment until after the initial thirty-day deadline had passed. Almost immediately thereafter, Petitioner moved for an extension and filed a notice of appeal. The Court finds that the delay was beyond Petitioner's control and Petitioner made good-faith efforts to file a notice of appeal as soon as he learned of the Order. Moreover, because the Court dismissed Petitioner's action, the delay does not adversely impact the judicial proceeding or unduly prejudice Respondent.

**CONCLUSION**

Petitioner has shown good cause for an extension to file a notice of appeal. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motions for Extension of Time (Docket Nos. 21-22 and 24) are **GRANTED**.

Dated: May 10, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge